Filed April 7, 1894.

---

No. 17,275.

## FORSYTHE ET AL. *v.* THE CITY OF HAMMOND.

INJUNCTION.—*Supreme Court.—Appeal.—Annexation to City.—Injunctive Relief, When not Granted.—Imminent Necessity.*—Where appellants, in an action annexing territory to a city, petition the Supreme Court for an injunction restraining the consideration of the judgment appealed from in the elections, taxation, and internal improvements of the city, none of the acts sought to be restrained being alleged to be imminent, except that of voting, the injunction will not be granted; for the fullest effect may be given to the decision of this court, notwithstanding the act of voting, and injunctive relief will not be awarded unless immediate and imperious necessity appears.

From the Porter Circuit Court.

*W. H. H. Miller, F. Winter, J. B. Elam, A. L. Jones* and *J. W. Youche,* for appellants.

*E. D. Crumpacker,* for appellee.

HACKNEY, J.—The appellants have filed and presented for our consideration their verified petition to stay the exercise, by the appellee, of any of the functions of government over the lands of the appellants, adjudged by the circuit court, in this case, to have been annexed to said city, and to restrain the consideration of said judgment of annexation in the elections, taxation and internal improvements of said city.

The threatened exercise of none of the acts so sought to be restrained is alleged to be imminent, excepting that

of the voting by residents upon the annexed territory, at an approaching election in said city. The act of voting will not render any judgment of this court less effectual, and it is a question with the voters whether they will take the chances of illegal voting or of waiving their right to insist that their property has not been legally annexed to said city. With these questions we are not concerned, since the action of voters within the alleged annexed territory could only have the effect to confirm an affirmance of the judgment below, and would not obstruct the fullest operation of a judgment of reversal.

With respect to the allegations of threatened taxation, street improvements, etc., as affecting the lands annexed, there is not, as we have said, any showing of immediate and imperious necessity for interference, and the extraordinary power of injunction will not be exerted unless such necessity appears. This much we may say without committing ourselves to the question of the existence of power in the court to restrain any of such acts if they were imminent. But when not essential to enable the fullest effect to be given to any decision we may make upon the merits of the main case, we seriously doubt the existence of that power.

The petition, therefore, is overruled.

