PUTEK *v.* FIRST BANK AND TRUST COMPANY ET AL.

[No. 17,533.   Filed January 13, 1947.]

*E. Miles Norton,* of Crown Point, and *Rose & Rose,* of Gary, for appellant.

*Kenneth Call,* of Gary, for appellees.

HAMILTON, P. J.—On April 24, 1942, one Mary Drieciniak filed a complaint in the Superior Court of Lake County, Indiana, against Joan Drinski, now Joan

Drinski Putek, and Ulick Drinski to set aside a deed of conveyance, executed on December 23, 1941, purporting to convey to said Joan Drinski certain described real estate in Lake County, Indiana, and also in Cass County, State of Michigan, and to set aside a written contract executed simultaneous therewith between the grantor, Mary Drieciniak, and the grantee, Joan Drinski. The complaint charged that the execution of said deed and contract was obtained by fraud, misrepresentation as to the character and contents of the instruments executed; and that there was no consideration for either the deed or written contract.

Thereafter, in June, 1942, the plaintiff, Mary Drieciniak, died, intestate, and the administrator of her estate was substituted as party plaintiff. On December 10, 1945, the court ordered additional parties to be made parties plaintiff.

On January 7, 1946, appellee First Bank and Trust Company of South Bend, as administrator of the estate of Mary Drieciniak, deceased, filed a second paragraph of complaint seeking to set aside the deed of conveyance, and the written contract executed on December 23, 1941, alleging as grounds therefor that there had been failure of consideration.

The venue of said action was changed to the Jasper Circuit Court, where, on March 12, 1946, the appellant, Joan Drinski Putek, filed a verified second paragraph of cross-complaint, wherein appellant sought to enjoin the administrator of the estate of Mary Drieciniak and the appellee, Marjorie Drinski, from prosecuting or proceeding further against the appellant and to enjoin further proceedings in this action and from filing any other actions because of a final judgment rendered in an action instituted between the same parties and involving the same subject matter in the courts of the

State of Michigan and which judgment was affirmed upon appeal by the Supreme Court of the State of Michigan.

To said second paragraph of cross-complaint of Joan Drinski Putek, the appellee, Marjorie Drinski, filed a motion to strike out said pleading upon the ground that it was not germane to the subject matter of the original action; that the relief sought was not connected with the matters involved in the principal action; and that the subject matter of the cross-complaint was not essential to the proper determination of the matter put in litigation by the complaint.

The court sustained the motion to strike and struck out appellant's second paragraph of cross-complaint.

From said ruling the appellant appeals and assigns as her sole error the ruling of the court in sustaining the motion to strike and in striking out her second paragraph of the cross-complaint.

An examination of the briefs and record in this case discloses that no judgment has ever been rendered upon the ruling of the court striking out appellant's second paragraph of cross-complaint.

The record entry reads as follows:

"Marjorie Drinski now moves the Court to strike out the second paragraph of the cross-complaint of Joan Drinski Putek for the following reasons: . . . which motion is by the court sustained and said second paragraph of cross-complaint is now striken out, and the defendant, and cross-plaintiff, Joan Drinski Putek, now prays an appeal to the Indiana Supreme Court from the ruling striking out the second paragraph of cross-complaint, which is now granted said cross-plaintiff."

Prior to the adoption of the present Rule 2-3 of the Revised Rules of the Supreme Court it was well settled by an unbroken line of Indiana decisions that an appeal could only be prosecuted from a final judgment, one

which finally disposed of all the issues as to all the parties in the cause, or as to a distinct, definite, and separate branch of the case, and left nothing for future determination. *Home Electric Light and Power Co.* v. *Globe Tissue Paper Co.* (1896), 145 Ind. 174, 44 N. E. 191; *Thomas, Administrator* v. *The Chicago and Erie Railway Company* (1894), 139 Ind. 462, 463, 39 N. E. 44.

Rule 2-3, 1943 Revision, Rules of the Supreme Court, provides in part as follows:

"No appeal will be dismissed as of right because the case was not finally disposed of in the court below as to all issues and parties, but upon suggestion or discovery of such a situation the appellant tribunal may, in its discretion, suspend consideration until disposition is made of such issues, or it may pass upon such adjudicated issues as are severable, without prejudice to parties who may be aggrieved by subsequent proceedings in the court below."

It affirmatively appears from the record and briefs that the original cause in this case is still pending in the Jasper Circuit Court and is undisposed of as to all parties upon the issues joined on the original and second paragraphs of complaint.

An adjudication of the issues presented by this appeal would not determine the issues still pending in the lower court.

Our attention was called in oral argument to the case of *Sup. Realty & Bg. Co.* v. *First Nat. Bank, etc.* (1944), 115 Ind. App. 639, 56 N. E. (2d) 855, as authority for perfecting the present appeal.

In that case an appeal was prosecuted from a judgment rendered that the appellant's cause of action as pleaded in the third paragraph of complaint be abated. In considering a motion to dismiss the appeal because no final judgment had been rendered, we held that the

trial of the issues joined on a plea in abatement is collateral and a distinct and separate branch of the main proceedings which are tried and determined independently of the cause of action stated in the complaint, which could not proceed to final determination until the plea in abatement had been disposed of. In referring to Rule 2-3, we held: "This rule vests discretion in this court to do two things: (1) Suspend consideration of this appeal until the other issues are disposed of, or (2) pass upon the adjudicated issues presented by this appeal. The second alternative seems the more logical in the present case and best calculated to simplify the proceedings on the issues in the main case."

No such question or situation is presented by the record in the instant case, and an adjudication of the issues presented by this appeal would not determine or dispose of the issues still pending in the lower court, and for this reason we do not consider it advisable to consider the questions involved by piecemeal. Because of the difference in the facts and issues involved in the instant case and in the Superior Realty & Building Co. case, *supra,* we do not consider that the decision in that case can be construed as an authority for prosecuting the present appeal or to justify appeals by piecemeal, unless such appeal involves a collateral, separate, and distinct branch of the main proceedings, which cannot be determined until the collateral matter has been disposed of.

Therefore, pursuant to the provisions of Rule 2-3, *supra,* the consideration of this appeal is hereby suspended and postponed until all of the issues pending in the main case in the Jasper Circuit Court have been fully and finally disposed of and determined. Costs of the appeal are ordered taxed against appellant.

DRAPER, J., not participating.

NOTE.—Reported in 70 N. E. (2d) 437.