PUBLIC SERVICE COMPANY OF INDIANA, INC. *v.*
INDIANA STATEWIDE RURAL ELECTRIC COOPERATIVE, INC.

[No. 30,827. Filed May 10, 1966.]

*Paul G. Jasper* and *Charles W. Campbell,* of Plainfield, *Alan W. Boyd* and *Jerry Belknap,* and *Barnes, Hickam, Pantzer & Boyd,* of counsel, of Indianapolis, for appellant.

*Bob Good,* of Shelbyville, *Ralph P. Zoercher,* of Tell City, *Willet Parr, Jr.,* of Lebanon, *Jeremiah L. Cadick* and *William E. Plane,* of Indianapolis, and *Good & Good,* of Shelbyville, *Parr, Parr & Richey,* of Lebanon, *Cadick, Burns, Duck and Neighbors,* of Indianapolis, of counsel, for appellee.

RAKESTRAW, J.—The appellant filed its complaint in the court below seeking an injunction against the appellee to prevent it from proceeding with the construction of an electrical generating plant in Pike County, Indiana. Without

going into detail, the appellant argues that before the appellee is entitled to construct and place into operation a generating plant, it must first obtain a certificate of convenience and necessity from the Public Service Commission of Indiana. A temporary injunction was asked, and evidence was presented in support of the request for a temporary injunction. The court below denied a temporary injunction.

At the time of the hearing on petition for temporary injunction, the case itself was not at issue. There was evidence tending to show that it would be several years before any plant could be completed, and there was evidence that there would be serious damage to appellee in the event a temporary injunction were granted.

The relevant statute authorizing temporary injunctions Burns' Ind. Stat. Anno. § 3-2102 (1946 Repl.), reads as follows:

> "When it appears by the complaint that the plaintiff is entitled to the relief demanded, and the relief, or any part thereof, consists in restraining the commission or continuance of some act, the commission or continuance of which, during the litigation, would produce great injury to the plaintiff, or when, during the litigation, it appears that the defendant is doing, or threatens, or is about to do, or is procuring or suffering some act to be done, in violation of the plaintiff's rights, respecting the subject of the action, and tending to render the judgment ineffectual; or when such relief, or any part thereof, consists in restraining proceedings upon any final order or judgment,—an injunction may be granted to restrain such act or proceedings until the further order of the court; which may, afterward, be modified upon motion. And when it appears in the complaint at the commencement of the action, or during the pendency thereof, by affidavit, that the defendant threatens or is about to remove or dispose of his property, with intent to defraud his creditors, a temporary injunction may be granted to restrain the removal or disposition of his property." [Acts 1881 (Spec. Sess.), ch. 38, § 178, p. 140.]

It will be noted that the statute uses the word *may*, and it has consistently been held that the issuance or denial of a

temporary injunction is a matter in the sound discretion of the trial court. The denial of a temporary injunction will not be reversed unless it is shown that the action of the trial court was arbitrary or constituted a clear abuse of discretion. *Ortman-Miller Machine Co.* v. *Miller, etc.* (1954), 233 Ind. 150, 159, 117 N. E. 2d 558, 562; *Koss* v. *Continental Oil Co.* (1944), 222 Ind. 224, 228, 52 N. E. 2d 614, 615.

Since it appears from the record that the factual issues in the court below were contested, we cannot say that the court abused its discretion in denying a temporary injunction.

The judgment denying a temporary injunction is therefore affirmed.

Myers, C. J., and Arterburn, J., concur. Achor and Jackson, JJ., not participating.

NOTE.—Reported in 216 N. E. 2d 353.