ELIZABETH RUMAN AND BEVERLEE RUMAN *v.* PHILIP ESKEW, WALLACE UNDERWOOD, JOHN FRIEND, GEORGE KURTEFF, LLOYD LINDQUIST, MUNSTER SCHOOL CORP., INDIVIDUALLY AND AS REPRESENTATIVE OF ALL OTHER SCHOOL CORPORATIONS THAT BELONG TO THE I.H.S.A.A., AND INDIANA HIGH SCHOOL ATHLETIC ASSOCIATION.

[No. 3-875A167.  Filed August 28, 1975.]

*Saul I. Ruman, G. Edward Schreiber,* of Hammond, for appellants.

*Floyd W. Burns, John Neighbours,* of Indianapolis, *David C. Jensen,* of Hammond, for appellees.

PER CURIAM—Appellant Elizabeth Ruman, a female, was denied an opportunity to try-out for, and, if competent, to practice with the Varsity Tennis Team of Munster High School. Such denial was based upon Rule 9, § 10 of the Constitution and Bylaws of the Indiana High School Athletic Association (hereinafter referred to as the IHSAA) of which Munster is a member.

Section 10 reads as follows:

"G—Girls may participate, with or against, boys on interschool teams only when:

"(1) the school being attended does not have a girls['] program in that sport and

"(2) she follows the contest rules and season rules established for boys and

"(3) she has not represented her school during that school year in that sport.

"If and when a girls['] program is provided, her future eligibility will be limited to the girls['] program in that sport."

An action was commenced by appellants in the Lake Superior Court and during the period of June 30 to July 2, 1975, a hearing on appellants' petition for preliminary injunction was held. On August 5, 1975, the trial court made findings of fact and denied said petition.

Appellants initiated an appeal by filing a praecipe. They subsequently filed in this court a petition for injunction in aid of appellate jurisdiction in which they request an injunction directing that appellant Elizabeth Ruman be allowed to try-out for, and, if competent, practice with the Munster High School Varsity Tennis Team, pending a final determination of this matter.

In the usual case, appellants would ask this court for a stay pending the determination of the appeal. This would, in effect, maintain the *status quo.* However, here appellants are not asking that the *status quo* be maintained, but rather that we grant the same relief that was denied by the trial court after several days of trial at which evidence was presented.

In considering the extraordinary relief requested herein, a major factor to be considered is: Have the petitioners made a strong showing that they are likely to prevail on the merits of their appeal?

Appellants have called the court's attention to two Indiana cases which make no mention of this consideration. *Forsythe, et al.* v. *The City of Hammond* (1894), 137 Ind. 426, 37 N.E. 537; *Chicago, etc., R. Co.* v. *Kenney* (1902), 29 Ind. App. 506, 68 N.E.20. Both of these cases were attempts to stay execution of the judgment and maintain the *status quo.* In neither case were attempts made to obtain on appeal the exact relief sought but denied by the trial court.

However, Federal decisions have used this as one factor to be considered when such extraordinary relief is requested. *Benoit* v. *Gardner* (1st Cir., 1965), 345 F.2d 792; *Greene* v. *Fair* (5th Cir., 1963), 314 F.2d 200; *Virginia Petroleum Job. Ass'n* v. *Federal Power Com'n* (1958), 104 U.S. App. D.C. 106, 259 F.2d 921.

When the relief requested is not directed to the maintenance of the *status quo,* the court should consider the question of whether the petitioner demonstrated a strong likelihood of prevailing on the merits on appeal.

At the present stage of the proceedings, this court does not

have the benefit of a transcript of the evidence or briefs of the parties. Therefore, an examination of the validity of the rule on its face must be undertaken.

Our Supreme Court in *Haas* v. *So. Bend Comm. Schools* (1972), 259 Ind. 515, 289 N.E.2d 495, examined a similar rule of the IHSAA which provided that " '[b]oys and girls shall not be permitted to participate in interschool athletic games as mixed teams, nor shall boys' teams and girls' teams participate against each other in interschool athletic contests.' " (*Ibid.* at 521 of 259 Ind., 498 of 289 N.E.2d.) Although the court, upon evidence that "neither the appellant's high school nor the great majority of high schools throughout the state maintain interscholastic athletic programs for female students", (at 523 of 259 Ind., at 499 of 289 N.E.2d) ultimately determined that the rule, in operation, was violative of equal protection guarantees, it pointed out that the classification nevertheless appeared reasonable on its face. Similarly, on its face the rule here in question cannot be regarded as directly susceptible of constitutional attack.

The second consideration must be one of whether such rule, in its operation, constitutes a denial of equal protection as being unreasonably discriminatory. *Haas* seems to address itself to this issue.

In considering the application of the rule, the court in *Haas* reasoned that "[u]ntil girls' programs comparable to those established for boys exist, the rule cannot be justified ***." (*Ibid.* at 524, of 259 Ind., at 500 of 289 N.E.2d.) In the case at bar, Munster High School does maintain a girls' tennis program. The issue tried was, "whether the tennis program for girls at Munster High School during the school year 1974-1975 was and is comparable to that for boys." The trial court entered findings of fact and found against appellants. Such findings appear to uphold the judgment of the trial court. At this juncture, therefore, this court is in no position to review the evidentiary basis upon which the facts rest.

Appellants have failed to make a strong showing that they are likely to prevail upon the merits of their appeal. Accordingly, appellants' petition for injunction in aid of appellate jurisdiction is denied.

NOTE.—Reported at 333 N.E.2d 138.