ELIZABETH RUMAN AND BEVERLEE RUMAN *v.* PHILIP ESKEW, WALLACE UNDERWOOD, JOHN FRIEND, GEORGE KURTEFF, LLOYD LINDQUIST, MUNSTER SCHOOL CORPORATION, INDIVIDUALLY AND AS REPRESENTATIVE OF ALL OTHER SCHOOL CORPORATIONS THAT BELONG TO THE I.H.S.A.A. AND INDIANA HIGH SCHOOL ATHLETIC ASSOCIATION.

[No. 3-875A167. Filed March 15, 1976. Rehearing denied April 26, 1976. Transfer denied September 13, 1976.]

*Saul I. Ruman,* of Hammond, for appellants.

*Floyd W. Burns, John T. Neighbours, Cadick, Burns, Duck & Neighbours,* of Indianapolis, *Gilbert F. Blackmun, Friedrich, Bomberger, Tweedle & Blackmun,* of Hammond, for appellees IHSAA and Eskew. *Richard W. Johnson, David C. Jensen,*

*Schroer, Eichhorn & Morrow,* of Hammond, for all other appellees.

HOFFMAN, J.—Plaintiff-appellant Elizabeth Ruman (Ruman) sought a preliminary injunction in the trial court to enable her to try out for, and if competent, to play on the varsity tennis team of Munster High School. The trial court refused to issue such a preliminary injunction, and Ruman subsequently perfected this interlocutory appeal.

Ruman was excluded from participation with the Munster High School varsity tennis team through the operation of Rule 9, § 10 of the Constitution and Bylaws of the Indiana High School Athletic Association (hereinafter referred to as IHSAA). The first issue which Ruman presents on appeal is whether such rule is facially constitutional. In the recent case of *Ruman* v. *Eskew* (1975), 165 Ind. App. 534, 333 N.E.2d 138, this court examined the IHSAA rule now at issue and, at 537 of 165 Ind. App., at 139 of 333 N.E.2d, concluded that, "on its face the rule *** cannot be regarded as directly susceptible of constitutional attack."

Ruman next contends that the trial court erred in finding the rule in issue to be constitutional as applied. The basis for this and many of the other contentions made by appellant is that the trial court erroneously limited the issues at trial to the question of the comparability of the boys' and girls' tennis programs at Munster High School, rather than the comparability of all such programs Statewide.

Rule 9, § 10, *supra,* provides:

"G-Girls may participate, with or against, boys on interschool teams only when:

"(1) the school being attended does not have a girls['] program in that sport and

"(2) she follows the contest rules and season rules established for boys and

"(3) she has not represented her school during that school year in that sport.

"If and when a girls['] program is provided, her future eligibility will be limited to the girls['] program in that sport."

In *Haas* v. *So. Bend Comm. Schools* (1972), 259 Ind. 515, 289 N.E.2d 495, our Supreme Court considered an IHSAA rule similar to Rule 9, § 10, *supra*. The rule at issue in *Haas* prohibited all participation by teams comprised of both boys and girls in interschool athletic games. In passing upon the constitutionality of such rule, our Supreme Court, at 524, 526 of 259 Ind., at 500-501 of 289 N.E.2d, stated:

"It is first argued that the rule is necessary to protect girls' athletic programs. Appellees reason that if girls are permitted to try out for the boys' teams, it necessarily follows that boys must be permitted to try out for the girls teams. Due to the generally superior level of athletic ability possessed by males, it is the appellees conclusion that both teams, the girls' and the boys', will be composed entirely of males thus eliminating females from interscholastic athletic competition altogether. It is unnecessary to sound the fire alarm until the fire has started. We have not held the rule is *per se* unconstitutional but we are here only concerned with its application. Appellees' argument, which demonstrates admirable concern for the welfare of girls' athletic programs, must fail when one considers that at the present time few, if any, programs are in operation which need such protection. *Until girls' programs comparable to those established for boys exist,* the rule cannot be justified on these grounds.

\* \* \*

"This Court is of the opinion that at this time no reasons have been presented, nor do any exist, which justify denying female high school students the *opportunity to qualify* for participation with male high school students in interscholastic athletic contests which do not involve physical contact between the participants. Due to the apparent superior level of athletic ability possessed by most males, it will probably be difficult for most females to qualify for the team. However, this factor, by itself, can have no bearing upon the issue of a female's right to the opportunity to qualify. *Until girls' programs comparable to those maintained for boys exist,* the difference in athletic ability alone is not justification for the rule denying 'mixed' participation

in non-contact sports. For all of the foregoing reasons, we hold that the *present* application of the IHSAA rule denying 'mixed' competition in non-contact sports must be struck down as a denial of equal protection as guaranteed by the Fourteenth Amendment to the Constitution of the United States." (Emphasis supplied in part.)

On appeal, Ruman does not question the existence of a justification for the IHSAA rule here in issue on the basis of a difference in athletic ability of the sexes. As stated hereinabove, she contends that the trial court erred in limiting the issues at trial to the comparability of the tennis programs at Munster High School alone.

However, it must be remembered that the question before the trial court was the constitutionality of the rule *as it was applied to Ruman,* and that the proceeding in the trial court was one for a preliminary injunction.

It was within the discretion of the trial court, due to the preliminary nature of such proceeding, to limit the evidence to those matters directly affecting Ruman. A full-scale trial of all the issues on their merits is not required in these circumstances. Furthermore, the record reveals that the trial court did receive and consider evidence of the comparability of both the boys' and girls' tennis programs at Munster High School relating to the competition such programs would meet Statewide. Moreover, we believe that the trial court correctly read *Haas* v. *So. Bend Comm. Schools, supra,* as requiring only a consideration of the comparability of the local athletic programs available to an individual when the constitutionality of the application to such individual of a rule such as this is in issue. Our Supreme Court implicitly recognized in *Haas* that an IHSAA rule prohibiting mixed teams only where a comparable girls' program is in existence would not be unreasonably discriminatory in its operation. The *Haas* case held, at 523 of 259 Ind., at 499 of 289 N.E.2d:

"Although the difference in athletic ability is a *justifiable reason* for the separation of male and female athletic programs, the justification does not exist when only one athletic program is provided." (Emphasis supplied.)

It must be concluded that the trial court correctly followed the existing law in ruling upon Ruman's contention that the rule was unconstitutional as applied.

The next issue which Ruman presents for review is whether the trial court erred in refusing to allow her to proceed as a class plaintiff under Trial Rule 23, Ind. Rules of Procedure. However, a decision on this issue is inappropriate at this time due to the posture of the present appeal.

As previously stated, the trial court refused to allow Ruman to proceed on her request for a preliminary injunction as a class plaintiff under Trial Rule 23, *supra*. Trial Rule 23 (C) (1), *supra*, expressly provides that any order entered by a trial court either allowing or disallowing class action status is subject to modification at any time prior to the entry of a final judgment in the action.

The present appeal is from an interlocutory order of a trial court denying a preliminary injunction. Ruman's complaint in the trial court sought not only a preliminary injunction, but also a permanent injunction and a declaratory judgment. It is apparent that a portion of this action is still pending in the trial court, that further proceedings will be had in this cause in the trial court, and that it is possible for the trial court to modify its order denying Ruman's request to proceed as a class plaintiff during such proceedings. Thus, the ruling which Ruman seeks to have reviewed under this assignment of error is not final, but is subject to further action by the trial court in light of further proceedings. Furthermore, such issue is most directly related to the ultimate relief sought by Ruman, and is only collateral or ancillary to the central issue presented by this interlocutory appeal from a denial of temporary relief.

In these circumstances, it is appropriate for this court to sever this issue from the fully adjudicated issues presented by this appeal, in order to allow a final determination thereon during subsequent proceedings in the trial court, rather

than to dismiss this appeal as to this issue because it has not been fully and finally adjudicated, and is therefore not ripe for appellate review.[1] *Cf: Williams* v. *Mumford* (D.C. Cir., 1975), 511 F.2d 363. A discretion to take such action has been conferred on the Indiana courts of appellate jurisdiction by Appellate Rule 4(E), Ind. Rules of Procedure, and its predecessor rules. *See, Putek* v. *First Bank & Trust Co.* (1947), 117 Ind. App. 175, 70 N.E.2d 437; *Sup. Realty & Bg. Co.* v. *First Nat. Bank, etc.* (opinion on motion to dismiss) (1944), 115 Ind. App. 639, 56 N.E.2d 855. *Cf: International Ass'n of M. & A.W.* v. *McGill Mfg. Co., Inc.* (1975), 164 Ind. App. 321, 328 N.E.2d 761 (transfer denied). Any appellate review of this issue in this case must come after a final determination by the trial court on the merits of the controversy.[2]

The final issue presented by this appeal[3] is whether the trial court was arbitrary or abused its discretion in denying appellant's application for a preliminary injunction. A review of the findings of fact, conclusions of law, the judgment of the trial court, and the evidence supportive thereof, establishes that some substantial evidence of probative value in support of the ruling made by the trial court was introduced at the hearing of this matter. Appellant has not carried her burden of showing that the trial court's

1. Appellant does not assert any grounds of undue hardship from the trial court's ruling which would militate in favor of an appellate review of such ruling at this stage of the proceedings. *Cf: Williams* v. *Mumford* (D.C. Cir., 1975), 511 F.2d 363, 367-69.

2. Appellant also asserts that the trial court erred in implicitly ruling against her novel assertion that the IHSAA has unlawfully usurped legislative authority from the Indiana schools which are its members. However, this issue has also not been fully tried by the trial court; and is not ripe for appellate review. Again, we must remind appellant that the proceeding in the trial court was only preliminary in nature, and limited in scope to those matters which might justify immediate temporary relief.

3. Although appellant also asserts that the trial court erroneously admitted certain evidence not directly relevant to the issue before it, the findings of fact made by the trial court reveal that such evidence was not considered by the trial court in deciding this cause. Other items of evidence which the appellant asserts were irrelevant were, in fact, relevant and properly admissible.

ruling was arbitrary or an abuse of discretion. *Pub. Ser. Co. of Ind.* v. *Ind. St. R. El. Corp.* (1966), 247 Ind. 383, 216 N.E.2d 353.

The judgment of the trial court is affirmed.

Affirmed.

Garrard, J., concurs; Staton, P.J., concurs in result.

NOTE.—Reported at 343 N.E.2d 806.