**Rogelio VARGAS, Individually and in behalf of other similarly situated, Appellant,**

v.

**ALLIED FINANCE COMPANY, Appellee.**

No. 982.

Court of Civil Appeals of Texas, Tyler.

Dec. 9, 1976.

Rehearing Denied Jan. 6, 1977.

Gordon J. Bogen, Dallas Legal Services, Dallas, for appellant.

Joe B. Burnett, Carlos I. Miro, Dallas, for appellee.

MOORE, Justice.

This is an appeal from a summary judgment. Plaintiff, Rogelio Vargas, suing individually and as a class representative, brought this suit as a class action against defendant, Allied Finance Company, for an injunction to restrain the defendant from engaging in certain deceptive trade practices prohibited by the Deceptive Trade Practices Consumer Protection Act, Tex. Bus. & Comm.Code Ann., section 17.41, et seq., hereinafter referred to as the "Act." As grounds for his cause of action, plaintiff alleged that the finance company regularly engaged in the practice of filing all of its consumer collection suits in Dallas County, Texas, rather than filing the suits where the consumer resided or entered into the contract. Plaintiff alleged that the distance, cost and inconvenience of defending such suits out of the county of the residence of the plaintiff placed a virtually insurmountable burden on him and the members of his class to appear, answer and defend such suits in a foreign forum and that this amounted to a denial of due process and an unfair trade practice. In substance, plaintiff prayed for the following relief: (1) a temporary and permanent injunction to enjoin the defendant from instituting suits for the collection of promissory notes and retail installment contracts in any county in the State other than the residence of a defendant or the county in which the defendant signed the contract; (2) an order directing the defendant to transfer all such suits filed after August 27, 1973 (the date on which Article 1995, sec. 5 was amended), to the county of defendant's residence or to the county where the contract was signed; and (3) an order vacating any default judgments granted against any member of the plaintiff's class subsequent to the date of the filing of the petition in the present case.

Defendant answered with a general denial and thereafter filed a motion for summary judgment under the provisions of Rule 166-A, T.R.C.P., in which it alleged that no issue of material fact was raised by the pleadings, depositions, affidavits or interrogatories and, therefore, it was entitled to judgment as a matter of law. The matter came to trial on defendant's motion for summary judgment and after a hearing thereon, the trial judge entered a summary judgment in favor of the defendants from which plaintiff perfected this appeal. Hereinafter, the parties will be referred to as they appeared in the trial court.

We affirm.

Before discussing plaintiff's point of error, a brief history of the facts leading to this litigation will be helpful. Allied Finance Company is a large finance company domiciled in Dallas County with numerous branch offices throughout the state. It admits that since August 1973 none of its collection suits were filed outside of Dallas County. On October 18, 1972, Vargas, a resident of Starr County, purchased a television and stereo set from Miller TV and Appliance at McAllen, Hidalgo County, Texas, for the sum of $636.08 and executed a promissory note together with a retail installment contract agreeing to pay such amount to Miller TV and Appliance in monthly installments. The promissory note was payable in Dallas, Dallas County, Texas, and the installment contract provided that the contract was performable in Dallas, Dallas County, Texas. The note and contract was subsequently assigned to defendant, Allied Finance Company. When the payments became delinquent, Allied Finance Company filed suit against Vargas in the Justice Court of Dallas County, Texas, Precinct 1, for the balance due in the amount of $197.40. Vargas filed a plea of privilege seeking to have the cause transferred to Starr County but failed to designate the precinct in which he resided. His plea of privilege was overruled. No appeal was taken from the order overruling his plea of privilege and the judgment became final. Based upon the record before this court the cause is now pending on the docket of the Justice Court. There is nothing to indicate that Allied has other cases pending against Vargas or that it has taken any default judgments against him.

The present suit was filed in the District Court of Dallas County on October

27, 1975, as a class action seeking an injunction. The record reveals that prior to the time the present case was heard on defendant's motion for summary judgment, the trial court entered an order denying the plaintiff's application to certify the suit as a class action. Plaintiff did not appeal from that order and, thus, it became final. The matter was heard and disposed by the trial court as if the plaintiff had sued individually for injunctive relief. It is only that phase of the case, therefore, which is relevant to this appeal.

■ By a single point of error, plaintiff urges that the trial court erred in granting a summary judgment against him on the ground that the trial court incorrectly determined the issues of law in favor of the defendant. Plaintiff states in his brief that there is no fact issue to be determined by a court or jury and that the only issue is one of law for the court. He argues that the undisputed facts show that the defendant violated the provisions of the Act, referred to above, and therefore he was entitled to an injunction by virtue of Section 17.-50(b)(2) of that act which authorizes an individual to seek injunctive relief upon showing a violation of the Act. The defendant has not favored us with a brief. As we view the record, the injunctive relief sought by plaintiff was properly denied.

Section 17.46 of the Act lists twenty deceptive acts or trade practices which are declared to be unlawful. Plaintiff concedes that no provision of the Act specifically declares the filing of suits against consumers in a distant forum to be an unfair trade practice. He contends, however, that because Sec. 17.46(c) of the Act directs the Texas courts when interpreting the Act to be guided to the extent possible by the interpretations given by the Federal Trade Commission to Sections 5(a)(1) of The Federal Trade Commission Act [15 U.S.C. § 45(a)(1)], the courts of this State are bound by the rulings of the Federal Trade Commission. Therefore, he takes the position that since the Federal Trade Commission, in a case styled *In the Matter of*

*Spiegel, Inc.*,[1] has held that the filing of distant forum collection suits violates traditional notions of due process and amounts to an unfair trade practice, the activities of the defendant in the present suit must be held to amount to a violation of the Texas Deceptive Trade Practices Act. Based on this premise he contends that he is entitled to injunctive relief as provided for in the act in order to prevent the defendant from filing future suits against him in a distant forum.

We do not believe that the Federal Trade Commission's ruling in *Spiegel* is applicable here because that ruling dealt with interstate transactions where no state venue statute was involved. Even if the ruling were incorporated as a part of the Act in Texas, we do not believe the Act would be controlling because the proper forum for all litigation in this State is regulated by venue statutes.

Venue in the Justice Courts is regulated by Tex.Rev.Civ.Stat.Ann., Article 2390. The pertinent parts of the statute relating to the type of suit involved here reads as follows:

> "Every suit in the justice court shall be commenced in the county and precinct in which the defendant . . . resides, except . . .:
>
> "4. Suits upon a contract in writing promising performance at any particular place, may be brought in the county or precinct in which such contract was to be performed . . . ."

While Article 2390 clearly authorizes suits to be filed and maintained against a defendant in a distant forum, its constitutionality is not challenged by this lawsuit. Plaintiff's sole ground for injunctive relief is based on the notion that the Deceptive Trade Practices Act of this state prohibits the filing of suits against consumers in a distant forum. To hold that the legislature in passing the Deceptive Trade Practices Act intended to grant consumers a right to injunctive relief prohibiting the filing of

---

1. 3 Reg.Trade Reporter 20,895 (1975).

suits in a distant forum would be to hold that the legislature intended by implication to repeal the above quoted venue provision of Article 2390, even though the Act contains no repealing clause.

As we construe the two statutes, the Deceptive Trade Practices Act is in the nature of a general statute while Article 2390 is a special statute enacted for the sole purpose of regulating venue in the justice courts. In 53 Tex.Jur.2d Statutes section 110, the following rule is stated:

> "The enactment of a general law does not ordinarily operate as a repeal of a particular or special law, by implication, though both relate to the same subject matter. On the contrary, both statutes are permitted to stand, and the general law is applicable to all cases not embraced by the specific act. In other words, the particular act is construed as constituting an exception to the general law. This is a settled rule of construction, based on the presumption that a specific statute evidences the intention of the legislature more clearly than a general one, and therefore should control."

In view of the fact that Section 4 of the venue statute for Justice Courts expressly authorized the plaintiff to institute suit against the defendant in a distant forum in Dallas County, the venue statute must be construed as constituting an exception to the general law found in the Deceptive Trade Practices Act. For this reason, the plaintiff is not entitled to injunctive relief under the Act.

What we have said with regard to plaintiff's right to injunctive relief in the Justice Courts applies equally as well to his right to injunctive relief against distant forum suits which may be filed against him in the County or District Courts. The forum for litigation in the County and District Courts is regulated by Tex.Rev.Civ.Statutes Ann., Article 1995. The pertinent part of that statute which regulates consumer suits reads as follows:

> "5(b) In an action founded upon a contractual obligation of the defendant to pay money arising out of or based upon a consumer transaction for goods, services, loans, or extensions of credit intended primarily for personal, family, household or agricultural use, suit by a creditor upon or by reason of such obligation may be brought against the defendant either in the county in which the defendant in fact signed the contract, or in the county in which the defendant resides at the time of the commencement of the action. No term or statement contained in an obligation described in this subsection shall constitute a waiver of this provision."

While the foregoing statute does not prohibit the filing of consumer suits in a distant forum, it affords the consumer the right or privilege to have the suit transferred to the county of his residence or to the county where the contract was signed. To hold that the injunctive relief available under the Act may be used by the plaintiff to prevent the defendants from filing future distant forum suits in the County or District Courts would be to change Sec. 5(b) to read that defendant is prohibited from filing County or District Court suits against plaintiff in any county other than the county of his residence or the county where the contract was made. This would amount to a material alteration of the statute and would constitute an unauthorized intrusion into the legislative process by the judiciary. As stated, the statute regulating venue is a special statute and constitutes an exception to the Deceptive Trade Practices Act. For this reason, the Act, even if the defendant here is in violation, forms no basis for injunctive relief.

■   The problems confronting consumers in contesting distant forum suits is ably discussed by Professor Sampson in his article, *Distant Forum Abuse in Consumer Transactions: a Proposed Solution,* 51 Texas L.Rev. 269 (1973). The question of whether the venue statutes should be revised, as suggested therein, is a matter for the legislature and not the courts.

The judgment is affirmed.