UNNAMED MEMBERS OF the
CLASS, Appellant,

v.

**Don E. McMAHON, Ed McMahon Interests, Inc., and Karen McMahon Wharton, Appellees.**

No. 17426.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

May 24, 1979.

Morris & Campbell, Rhett G. Campbell, Van E. McFarland, Houston, for appellant.

Butler, Binion, Rice, Cook & Knapp, Tom Alexander, Austin & Arnett, Monroe Northrop, Houston, for appellees.

Before EVANS, WALLACE and WARREN, JJ.

WARREN, Justice.

The unnamed members of the class, through the attorneys of record for the named representatives, have attempted to appeal an order of the trial court decertifying a class action. At the time this attempted appeal was taken, no disposition of the named representatives' rights had been made. The appellees requested that the appeal be dismissed because the trial court's decertification order was interlocutory. Thereafter, the appellants filed a motion seeking leave to file a supplemental transcript showing that a final judgment disposing of the named representatives' rights had been rendered subsequent to their appeal of the decertification order.

Two issues are presently before the court for consideration: (1) whether a class decertification order is an order from which an appeal can be perfected and (2) assuming arguendo that a class decertification order is an interlocutory order, whether a premature appeal can ripen by the subsequent rendition of a final judgment. We answer both questions in the negative.

## I.

*Appeal From Class Decertification Order*

Appellants contend that a decertification order can be immediately appealed. For this proposition, the appellants rely on *Vargas v. Allied Finance Co.*, 545 S.W.2d 231 (Tex.Civ.App.-Tyler 1977, writ ref'd n. r. e.). The *Vargas* litigation was instituted as a class action pursuant to Section 17.52(d) of the Texas Deceptive Trade Practices Act which expressly provided that the class determination was an interlocutory order which could be appealed. In *Vargas,* the named representative failed to seek review of the order within the time prescribed by Tex.R.Civ.P. 385. *Vargas* is inapplicable to the instant case.

■ Appellants further assert that the order is final because it determines that the members of the class cannot remain parties to the action. A final judgment determines the rights of the parties and disposes of all the issues involved so that no future action by the trial court will be necessary in order to settle and determine the controversy. *Wagner v. Warnasch,* 156 Tex. 334, 295 S.W.2d 890 (1956); 4 McDonald, Texas Civil Practice, § 17.03.1, 17.03.2 (1971) and cases cited therein. Conversely, an interlocutory order determines less than all the issues as to all the parties thus leaving something further to be determined and adjudicated by the court in disposing of the parties and their rights. 4 McDonald, Texas Civil Practice, § 17.03.1 at 36–37 (1972) (quoting *Kinney v. Tri-State Tel. Co.,* 222 S.W. 227 (Tex. 1920). In the instant case, the decertification order did not determine the rights of the named parties. Moreover, Rule 42 explicitly states, "An order under this subsection may be altered or amended before a decision on the merits." Tex.R.Civ.P. 42(c). Thus, the rule recognizes that a determination of class action status is not final or irrevocable. See *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978); *Ruman v. Eskew,* 343 N.E.2d 806 (Ind.App.1976). For these reasons, we hold that a decertification order is not a final order within the meaning of Tex.Rev.Civ.Stat.Ann. art. 2249 (Vernon 1971).

Moreover, we refuse to fashion a judicial exception to the final judgment rule. This rule serves many valid purposes some of which are the prevention of piecemeal review, the preservation of the litigant's resources, the preservation of judicial resources, and the maintenance of the appropriate relationship between the trial and appellate courts. See *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). Additionally, a right to review of a class determination may indulge the appellate court in a futile exercise because the trial court has the power to alter or amend its previous determinations at any time before the merits are decided.

■ Finally, the legislature has the power to confer jurisdiction on appellate courts to review interlocutory orders. By enacting statutes giving the appellate tribunal jurisdiction to review orders sustaining a plea of privilege, appointing a receiver or trustee, refusing to vacate the appointment of a receiver or trustee, and granting or denying class action status in deceptive trade practice cases, the legislature has exercised this power. See e. g. Tex.Rev.Civ.Stat.Ann. arts. 2008, 2249–2251; Tex.Bus. & Comm. Code 17.52(d) repealed by Acts of 1977, 65th Legislature, p. 605, ch. 216 § 11. The legislature is in the better position, after obtaining guidance from a wide variety of sources, to determine whether class action determinations should be subject to immediate appellate review, and we defer to legislative action. But see *Bell v. Beneficial Consumer Discount Co.,* 465 Pa. 225, 348 A.2d 734 (Pa.1975).

## II.

### *"Ripening" of Premature Appeal*

The next issue is whether a pre-mature appeal can ripen, and as a consequence, confer appellate jurisdiction. The majority of foreign jurisdictions hold that a premature appeal is completely ineffective and cannot ripen. See *Johnson v. Assured Employment, Inc.,* 277 Or. 11, 558 P.2d 1228 (1977) and cases cited therein. Prior to the adoption of Tex.R.Civ.P. 306c, Texas authorities adhered to the majority position. See, e. g. *Jones v. Kuhn,* 139 Tex. 125, 161 S.W.2d 778 (1942); *Batson v. Bentley,* 297 S.W. 769 (Tex.Civ.App.-Amarillo 1927, no writ). Tex.R.Civ.P. 306c changes the case law as it pertained to premature appeal bonds, notices of appeal, limited notices of appeal, and motions for new trial.

■ This rule, however, is inapplicable to the instant case, because it only applies to the judgment complained of. See *Wilson v. Worley,* 562 S.W.2d 22 (Tex.Civ.App.-Waco, 1978, writ ref'd n. r. e.); *Dickson & Associates v. Brady,* 530 S.W.2d 886 (Tex.Civ. App.-Houston 1st Dist. 1975, no writ); *Home Fund, Inc. v. Denton Federal Savings*

*& Loan Ass'n.,* 485 S.W.2d 845 (Tex.Civ. App.-Fort Worth 1972, no writ); *Dubert v. Adkins,* 475 S.W.2d 383 (Tex.Civ.App.-Corpus Christi, no writ).

The motion for leave to file a supplemental transcript is denied and the motion to dismiss this appeal for want of jurisdiction is granted. Because of the disposition of the appeal on the above grounds, it is not necessary to consider whether the attorneys for the named representatives have standing to perfect this appeal on behalf of the unnamed members of the class.

EVANS and WALLACE, JJ., also sitting.