**AMERICAN CYANAMID COMPANY, Appellant–Defendant,**

v.

**Dennis STEPHEN, Bruce Buchanan, Tom Fishero, David Brier and Rennick Farms, Inc., Appellees–Plaintiffs.**

No. 61A05–9205–CV–171.

Court of Appeals of Indiana, Fifth District.

Oct. 22, 1992.

Transfer Denied Dec. 30, 1992.

Stephen M. Terrell, Ralph A. Cohen, Terri A. Czajka, Ice Miller Donadio & Ryan, Indianapolis, Roger E. Podesta, Anne E.

Cohen, Debevoise & Plimpton, New York City, for appellant-defendant.

Irwin B. Levin, David J. Cutshaw, Bruce E. Andis, Cohen & Malad, P.C., Indianapolis, Stanley M. Chesley, Janet G. Abaray, Waite Schneider Bayless & Chesley Co., L.P.A., Cincinnati, Ohio, Deborah J. Caruso, Dale & Eke, Indianapolis, for appellees-plaintiffs.

SHARPNACK, Chief Judge.

In an earlier proceeding before this court, American Cyanamid Co. ("American") sought a stay of class certification, class notice, and class proceedings pending appeal. Stephens responded by moving to dismiss American's appeal. This court refused to issue the stay, and on August 10, American filed the record of proceedings. Stephens now reiterates its earlier arguments in this renewed motion to dismiss, requesting that we "join the overwhelming majority and conclude that a ruling on a class certification motion is not final or appealable." (Appellee's Motion, p. 11.) We decline to do so because Indiana law clearly holds that class certification orders are final and appealable orders.

Pursuant to Indiana Rules of Procedure, Trial Rule 23(C)(1):

"As soon as practicable after the commencement of an action brought as a class action, the court, upon hearing or waiver of hearing, shall determine by order whether it is to be so maintained. An order under this subdivision may be conditional, and may be altered or amended before the decision on the merits."

In *Koors v. Great Southwest Fire Ins. Co.* (1988), Ind.App., 530 N.E.2d 780, the second district considered whether the trial court had erred by certifying a class when the defendant claimed lack of notice of the hearing on the class certification. In holding that the appeal of this issue must be dismissed because the defendant had not timely filed the record of proceedings, the court stated, "Certification of a class action is a final and appealable order." *Id.* at 782, citing *Gulf Oil Corp. v. McManus* (1977),

173 Ind.App. 147, 363 N.E.2d 223; T.R. 59(C) advisory committee note; 2 W. Harvey, *Indiana Practice* § 23.5, at 296–97 (1987).

In *Gulf Oil*, the third district, with Judge Staton dissenting, considered an interlocutory appeal from a purported class action where the issue before the court was whether a hearing set to determine the class action status of the case should be deemed a "trial" setting sufficient to invoke the waiver provision of Indiana Rules of Procedure, Trial Rule 76(7) concerning changes of venue. In its analysis, the appellate court first stated that a final adjudication need not necessarily dispose of all the issues as to all of the parties, but rather that it is sufficient if it disposes of a distinct and definite branch of the litigation. *Id.* 363 N.E.2d at 225. After examining the policy considerations of T.R. 76(7), the court stated, "While such a hearing is not a trial in the general sense of a judicial determination of the facts and the ultimate claim for recovery, it is the only 'trial' to be had of this issue.... [T]he hearing and determination provided under TR 23(C)(1) [concerning class certification] results in a collateral order which disposes of a distinct branch of the litigation." *Id.* at 226–27. The *Gulf Oil* court held that, because the plaintiff had failed to object or request a change of venue within the time limits as set out in TR 76(7), the plaintiff had waived his right to a change of venue and the trial court had erred in granting the change and in denying the defendant's motion to vacate. *Id.* at 227.

In addition to these two cases, comments made by the Indiana Supreme Court Committee on Rules of Practice and Procedure concerning the 1980 amendments to T.R. 59 (Motion to Correct Errors), also indicate that an order certifying a class pursuant to T.R. 23(C)(1) is a final and appealable order. The committee's comments concerning "TR. 59(C), Time for Filing: Service on Judge" read as follows:

"The Committee has seen the essential problem here as one of 'finality', although the Committee has not defined either 'final judgment' or 'appealable final order' as those words are used in this section. Final orders and judgments are defined, generally speaking, by case law or by rules. Thus a final judgment or order is one which finally determines the rights of the parties involved, and which the trial court intends as its final and complete disposition in the case.... An order under TR. 23(C)(1), which allows an action to exist as a class action, is a final determination and appealable under this provision, *Gulf Oil Corp. v. McManus* (1977), Ind.App., [173 Ind.App. 147] 363 N.E.2d 223...."

■ In contending that we should decline to follow *Gulf Oil* and *Koors*, Stephens makes several arguments. First, Stephens argues that *Gulf Oil* is no longer good law because the federal decision upon which *Gulf Oil* was based, or *Eisen v. Carlisle and Jacquelin*, (*Eisen I*) (1968), 2nd Cir., 391 F.2d 555, has since been overruled. Stephens' argument lacks merit because *Gulf Oil* was in fact not based upon *Eisen I*; rather, *Gulf Oil* refers to *Eisen I* once in a footnote to suggest that, as to appealability, the federal system may have a more liberal policy than states regarding the finality of judgments. In addition, because the case that overruled *Eisen I*, or *Eisen II* (1968), 2nd Cir., 391 F.2d 555, was decided long before the third district decided *Gulf Oil*, we will not presume that the third district was unaware of the *Eisen II* decision when it decided *Gulf Oil*. Even assuming for the sake of this argument that *Gulf Oil* was based on *Eisen I*, Indiana courts are not bound by federal decisions as to matters of Indiana appellate procedure. *Koors*, which squarely faced the issue with which we are dealing here, held twenty years after *Eisen II* was decided that certification of a class action is a final and appealable order.

Second, Stephens argues that our supreme court specifically overruled *Gulf Oil* in *State of Indiana on the Relation of Caremark, Inc. v. Superior Court No. 3 of Madison County and The Honorable Thomas Newman, Jr.* (filed February 27, 1991), No. 48S00–9102–OR–139. Stephens appears to argue that, following deliberations in *Caremark*, the supreme court, in a

4-to-1 decision, "announced" that a class certification hearing was not a trial on the merits because it did not completely adjudicate an issue in the case. Stephens' argument again lacks merit. In *Caremark*, the relator petitioned the supreme court both for an emergency writ staying the proceedings in the named court and for a writ of mandamus directing the Madison County court to grant Caremark's motion for a change of venue. The supreme court granted the requested change of venue pursuant to T.R. 76(9) without ever mentioning *Gulf Oil*. Furthermore, there is nothing implicit in the supreme court's order which is inconsistent with *Gulf Oil's* conclusion that the trial on the issue of certification is the only trial which will be had on that subject, hence it is a final order and appealable as such.

Third, Stephens directs us to *Coopers & Lybrand v. Livesay* (1978), 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351, and argues that the *Koors* court failed to take note of this Supreme Court case which stated unequivocally that a mere class certification order is neither final nor appealable. Again, inasmuch as *Koors* was decided ten years after *Coopers*, and inasmuch as Indiana courts are not bound by federal decisions as to matters of Indiana appellate procedure, we will not presume that the *Koors* court was unaware of the *Coopers* decision when it held otherwise.

Fourth, Stephens directs us to *Ruman v. Eskew* (1976) 168 Ind.App. 428, 343 N.E.2d 806 and continues to argue that, in Indiana, determinations concerning class certification are neither final nor appealable. This is Stephens' strongest argument, yet it too must fail. While *Ruman* might be interpreted to hold that class certification orders are neither final nor appealable, Stephens' argument fails because the same court that authored *Ruman,* with the very same panel of judges, concluded one year later in *Gulf Oil,* albeit with Judge Staton dissenting, that such determinations are final and appealable orders. We should also note that *Ruman* involved an appeal from an order *denying* certification whereas *Koors* involved an attempted appeal from an order *granting* certification.[1]

Finally, Stephens argues that we should hold that class certification orders are neither final nor appealable because virtually every U.S. Court of Appeals and several state courts have held otherwise. Stephens contends that piecemeal, costly and useless appeals will result if we continue to follow *Gulf Oil* and *Koors* and ignore the clear language of T.R. 23(C)(1). Again, as an Indiana appellate court, we are not bound to follow either federal appellate procedure or appellate procedures of other jurisdictions. Rather, we are bound to follow appellate procedures established by, and as of yet uncontroverted in, Indiana law.

In conclusion, we deny Stephens' motion to dismiss American's appeal of class certification because, as we have detailed above, Indiana law clearly holds that class certification orders are final and appealable orders.

BARTEAU and RUCKER, JJ., concur.

---

1. Stephens also directs us to *Kellogg v. City of Gary* (1990), Ind., 562 N.E.2d 685, which he argues stands for the proposition that class certification orders may be appealed only after final judgment has been rendered in a case. We do not consider Stephens' argument here because a review of *Kellogg* indicates that the supreme court did not address the issue of the finality and appealability of a class certification order in that case.