THE DALLAS JOINT STOCK LAND BANK OF DALLAS V.
THE STATE OF TEXAS EX REL COBB ET AL.

No. 7691. Decided March 13, 1940.
Rehearing overruled May 1, 1940.
(137 S. W., 2d Series, 993.)

*Lawther, Cramer, Perry & Johnson* and *Harry P. Lawther,* all of Dallas, for plaintiff in error.

A Bill of Discovery under usages of a court of equity will not lie at the instance of a tax collector and assessor against a corporation for the purpose of obtaining the names of its shareholders and the number of shares held by them when the same is not brought in aid of an action of law then pending, or immediately contemplated, and when the record discloses that the only purpose to be accomplished would be to enable the tax assessor to make an assessment against such shareholders for the tax due upon the particular number of shares that each held. Brown v. McDonald, 133 Fed. 897; State ex rel Compton v. Buder, 308 Mo. 253, 271 S. W. 770; Federal Trade Com v. American Tobacco Co., 264 U. S. 298.

*Andrew Patton, E. G. Moseley, David. M. Weinstein* and *Harold McCracken,* all of Dallas, for defendants in error.

In a Bill of Discovery proceedings having for its purpose the securing of information necessary for the sovereignty to enforce a cause of action under the taxation laws, no money or property judgment being sought, the defendants are not in any manner precluded from raising any defense which they might have to a suit wherein a money or property judgment is sought, and for that reason it is not necessary to make any more than a prima facie showing of the existence of a cause of action. State v. Home Ins. Co., 19 S. W. 1042; Harrison v. Vines, 46 Texas 15; Connell v. State, 55 S. W. 980.

MR. JUDGE HICKMAN, of the Commission of Appeals, delivered the opinion for the Court.

The State of Texas, upon the relation of Ed Cobb, Tax Assessor and Collector, and Andrew Patton, Criminal District Attorney, both of Dallas County, instituted this suit in one of the district courts of that county, naming the Dallas Joint

Stock Land Bank, a corporation, as defendant, the suit being one in the nature of a bill of discovery. The allegations of the petition are well summarized by the Court of Civil Appeals as follows:

"Plaintiffs alleged, in substance, that valid assessments had been made against the shares of stock owned by each unknown stockholder of the Land Bank, for the years 1931 and including 1938; that it was necessary for plaintiffs to ascertain the names of the stockholders who resided in Dallas county (alleging the belief that all resided in Dallas county), and the number of shares of stock owned by each on the respective dates mentioned; that such information was in the exclusive possession of the Land Bank and could not be obtained by plaintiffs from any other source; that, on demand, defendant had refused to furnish the information, and that the stockholders had failed to reveal their identity, that such information cannot be obtained from any other source, or by any means other than by the process of a bill of discovery; that a valid cause of action existed in favor of the State of Texas and County of Dallas for the delinquent taxes due by each individual stockholder, wherefore, plaintiffs sought judgment, compelling the Land Bank to answer the following interrogatories: First, 'State, as revealed by your books and records, the names and addresses of the stockholders of The Dallas Joint Stock Land Bank of Dallas, who resided in Dallas County, Texas, on the first day of January, for each of the following years: 1931, 1932, 1933, 1934, 1935, 1936, 1937, and 1938.' Second: 'State, as revealed by your books and records, the amount and number of shares held by each of such stockholders as asked for in the foregoing interrogatory as of the first day of January, 1931, 1932, 1933, 1934, 1935, 1936, 1937 and 1938.'"

In the trial court judgment was entered as prayed for ordering the bank by its officers, agents, servants and employees, to answer in writing and under oath the foregoing interrogatories. That judgment was affirmed by the Court of Civil Appeals. 133 S. W. (2d) 827.

■ In 1923 the Legislature enacted what is now Article 2002 of our Revised Statutes, which reads as follows:

"All trial courts shall entertain suits in the nature of bills of discovery, and grant relief therein in accordance with the usage of courts of equity. Such remedy shall be cumulative of all other remedies."

The first case to reach this court after the enactment of that article was an action by a judgment creditor against a judgment debtor to discover assets of the latter subject to execution. The trial court denied the relief prayed for, but its judgment was reversed by the Court of Civil Appeals. Chapman v. Leaverton, 263 S. W. 1083. From the opinion in that case we quote:

"While it may be said that the purpose of pure bills of discovery is to provide needed testimony for a suit pending or contemplated, yet it would seem that the suit in the instant case was in the nature of a bill of discovery. * * *."

That opinion recognized that it had been decided in Cargill v. Kountze, 86 Texas 386, 22 S. W. 1015, 25 S. W. 13, 24 L. R. A. 183, 40 Am. St. Rep. 853, that a bill to discover assets of a judgment debtor would not lie in Texas, but held that same had been authorized by the Statute. That opinion ascribed to the Legislature the intention of conferring upon courts a jurisdiction not theretofore possessed by them, not only to entertain bills of discovery, but other suits of that nature, provided only that the relief granted must accord with the usages of courts of equity. An application for writ of error was refused in that case. In reply to a motion for a rehearing upon the application, this court wrote a very significant opinion, which seems generally to have been overlooked. That case was one of several cases disposed of by one opinion which is reported in National Compress Co. v. Hamlin, 114 Texas 375, 269 S. W. 1024. In that portion of the opinion dealing with the Chapman-Leaverton case it was stated that the court, in refusing the writ of error, realized that the case involved the construction of a statute of far reaching importance to the jurisprudence of this State; that the question had been given serious consideration, and that the application was refused because the court was of the opinion that the statute had been correctly construed by the Court of Civil Appeals. The effect of that opinion was to make the opinion of the Court of Civil Appeals authoritative. The controlling question was regarded as being one of statutory construction. Thus viewing the case before us, its solution is not difficult. While it may not be a pure bill of discovery, it is clearly a suit in the nature of a bill of discovery, and the relief granted accords with the usages of courts of equity. Coca-Cola Co. v. Atlanta, 152 Ga. 558, 110 S. E. 730, 23 A. L. R. 1339; Kurtz v. Brown, 152 Fed. 372, (Certiorari denied), 205 U. S. 544; 27 Sup. Ct. 791, 51 L. Ed. 923; Brown v. McDonald, 133 Fed. 897, 68 L. R. A. 462; Post v. Toledo,

144 Mass. 341, 11 N. E. 540, 59 Am. Rep. 86; Annotation, 3 Am. St. Rep. 812.

One of the principal contentions of plaintiff in error is that its shares of stock are not taxable. If that contention is correct, the action becomes a mere fishing expedition and will not be entertained, but it appears that the contention cannot be sustained. As stated in the opinion of the Court of Civil Appeals:

"Article 7145 provides that: 'All property, real, personal or mixed, except such as may be hereinafter expressly exempted, is subject to taxation, and the same shall be rendered and listed as herein prescribed.' The owner is required to list the same under oath. See Art. 7162, Subd. 38, that expressly requires the 'Amount and value of shares of capital stock companies and associations not incorporated by the laws of this State,' to be rendered for taxation by the owners; and Sec. 11 of Art. 8 of the Constitution provides' * * * And all lands and other property not rendered for taxation by the owner thereof shall be assessed at its fair value by the proper officer'."

The Act of Congress creating joint stock land banks provides, in Title 12, Sec. 932, page 872, U. S. C. A., that:

"Nothing herein shall prevent the shares in any joint stock land bank from being included in the valuation of the personal property of the owner or holder of such shares, in assessing taxes imposed by authority of the State within which the bank is located; but such assessment and taxation shall be in manner and subject to the conditions and limitations contained in Section 548 of this title with reference to the shares of national banking associations."

Section 548, referred to in the above section, reads in part as follows:

"* * * The several States may (1) tax said shares, or (2) include dividends derived therefrom in the taxable income of an owner or holder thereof, or (3) tax such associations on their net income, or (4) according to or measured by their net income, provided the following conditions are complied with:

1. (a) The imposition by any State of any one of the above four forms of taxation shall be in lieu of the others, except as hereinafter provided in subdivision (c) of this clause."

■ The case of State v. Buder, 308 Mo. 253, 271 S. W. 770, cited by plaintiff in error, cannot be regarded as authority for

the proposition that no provision has been made by the Legislature of Texas for the taxing of this stock. That case merely held that the Missouri statute there considered did not fix a method for taxing such shares. It did not consider general taxing statutes like those referred to above. By the terms of the Federal Act quoted above, the state was granted alternative methods of arriving at a proper basis of taxation of these shares. Our State has apparently provided for the adoption of the first method, namely, taxing the shares. It is not thought that it is necessary for us to make a more definite holding on the question, for all that is required of a plaintiff in a proceeding of this nature is that he convince the court "that there is a reasonable basis for a belief that a cause of action exists in his favor." 17 Am. Jur., Discovery and Inspection, Sec. 11. The showing in this case is sufficient to warrant the relief granted. If there should be future litigation between the taxing authorities and the owners of the shares, a binding decision can then be made as to the legality both of the tax and of the assessment. A decision of such questions here would not be binding on the owners of the shares and would not, therefore, amount to any decision at all.

■ It is claimed that this action must fail for want of necessary parties, the contention being that some officer of the corporation should have joined as a party defendant. It has been stated many times that a corporation cannot answer under oath but only under seal. That principle is not given recognition in this State. For example, a writ of garnishment may run against a corporation requiring it "to answer upon oath what number of shares, if any, the defendant owns in such corporation * * *." Art. 4080. That is a statutory negation of the principle relied on. A corporation may cause its agent to make answer under oath to interrogatories the same as it may cause him to prepare an answer and affix the corporate seal thereto.

■ Defendants in error raise the question of whether or not the order of the trial court in this case is appealable. In the case of Equitable Trust Co. v. Jackson, 129 Texas 2, 101 S. W. (2d) 552, it was held that the order in that case was interlocutory and not appealable, but could be reviewed only after final judgment in the cause it was intended to aid. That was a pure bill of discovery case in which information was sought of a defendant in aid of a case pending. The opinion expressly limited the holding to the facts of that case. It is not an authority for the claim that the order in the instant case is interlocutory and, therefore, not appealable. Such an order is, in effect, a man-

datory injunction and has all of the elements of finality so far as the plaintiff in error is concerned. It was expressly held by this court in the opinion in Chapman v. Leaverton, above referred to, that it had jurisdiction to review an order similar to that in this case. That is decisive of the matter. We approve the holding in Dallas Joint Stock Land Bank v. Rawlins, 129 S. W. (2d) 485 on this question.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court March 13, 1940.

Rehearing overruled May 1, 1940.