HUGH HENDERSON ET AL V. SHELL OIL COMPANY.
INCORPORATE, ET AL.

No. A-168. Decided October 25, 1944.
Rehearing overruled November 22, 1944.
(182 S. W., 2d Series, 994.)

*McDonald & Anderson* and *Nelson, Montgomery & Robertson,* all of Wichita Falls, for petitioners.

*Geo. W. Cunningham* and *W. D. Masterson, Jr.*, of Tulsa, Okla., *Stine, Bunting & Stine,* of Henrietta, and *Jno. E. Kilgore,* of Dallas, for respondents.

MR. JUDGE HICKMAN, of the Commission of Appeals, delivered the opinion for the Court.

This suit was instituted by Hugh Henderson, non compos mentis, through Orson H. Lee as next friend, to set aside an oil and gas lease and a sale of a mineral interest in land owned by him. Various relatives of Hugh Henderson, not parties to the litigation, as well as one of the parties thereto, filed motions praying for a decree that Orson H. Lee was not a fit and proper person to prosecute the suit as next friend and further praying that the proceeding be dismissed or, in the alternative that the Court appoint a fit and suitable person to act therein as next friend. After a hearing the Court decreed that Lee was not a suitable or proper person to act as next friend and further decreed that "* * * said Orson H. Lee be and he is hereby removed as next friend of said Hugh Henderson and he will not be permitted to conduct this litigation on behalf of the said Hugh Henderson." In the same order the Court appointed J. Willard Gragg to act as such next friend and instructed said Gragg "to advise himself in the premises, and to take further action, if any, as the true interests of the said Hugh Henderson may require." From this order Orson H. Lee prosecuted an appeal to the Court of Civil Appeals at Fort Worth. That court held that the order was reviewable on appeal and considered the assigned errors, but finding that no reversible error was committed by the trial court, it affirmed the case, one of the justices dissenting on rehearing. 179 S. W. (2d) 386.

Writ of error was granted by this Court, not to review the rulings of the Court of Civil Appeals on the questions discussed in its opinion, but because this Court was of the tentative opinion that the appeal should have been dismissed for want of jurisdiction. That tentative opinion has become our fixed opinion.

■■ This case has never been tried on its merits. So far as we are advised it is still pending in the trial court. The real party plaintiff is Hugh Henderson, non compos mentis, and not Orson H. Lee. Safeway Stores v. Rutherford, 130 Texas 465, 111 S. W. (2d) 688; Martin v. Weyman, 26 Texas 460; Gulf C. & S. F. Ry. Co. v. Styron, 66 Texas 421, 1 S. W. 161. For a judgment herein to be final it must determine the controversies between Hugh Henderson and defendants over the subject mat-

ter of the litigation. Hargrove v. Insurance Investment Corporation, 142 Texas 111, 176 S. W. (2d) 744, and authorities there cited. No part of such controversies was determined by the order appealed from. It related only to an incident in the litigation and is purely interlocutory. An interlocutory order is not appealable unless specifically made so by statute. Dupree v. Davis, 116 Texas 405, 292 S. W. 523; Magouirk v. Williams (Com. App.) 249 S. W. 185; Hubbard v. Tallal, 127 Texas 242, 92 S. W. (2d) 1022; 3 Tex. Jur., p. 125, Sec. 61. There is no statute making interlocutory orders of the nature of the one here under review appealable. It follows that the appeal should have been dismissed by the Court of Civil Appeals for want of jurisdiction.

Respondent Shell Oil Company contends, in effect, that, as between Orson H. Lee and the defendants, the judgment is as final as it will ever become, but that the appeal should be dismissed on the ground that an order removing a next friend is never reviewable on appeal. It has been held that such an order is not reviewable. State ex rel Barnard v. Superior Court of King County, 74 Wash. 559, 134 Pac. 172; 31 C. J., pp. 1147-1148, Sec. 313. Whether or not that rule should be given universal application we are not called upon to decide. It may be conceivable that a situation might arise in a case in which a court removes a next friend and dismisses the suit that the judgment could be reviewed on appeal, but it is not thought that such a situation could ever arise in this case. Obviously, should the trial on the merits result in a judgment in favor of Hugh Henderson, acting through his next friend, Gragg, an appellate court would not be authorized to entertain an appeal by Lee to set aside that judgment merely to permit Lee to prosecute the suit as next friend and should such trial result in a judgment that Hugh Henderson take nothing, it is not perceived how Lee, by prosecuting an appeal from that judgment, could establish in the appellate court that error prejudicial to the rights of Hugh Henderson was committed by removing him as next friend. The mere fact that judgment might run against Hugh Henderson would not disclose that prejudicial error was committed in the removal of Lee. If next friend, Gragg, contrary to every legitimate presumption which we must indulge, should wrongfully fail to prosecute the suit properly, that fact would not be established by the record on appeal, but could only be established by a hearing before the trier of facts. As said in Cannon v. Hemphill, 7 Texas 184-201: "* * *. if the next friend does not lay his case properly before the court, by collusion, neglect, or mistake, a new bill may be brought on behalf of the infant. * * *."

The judgment of the Court of Civil Appeals affirming the case is reversed and the appeal is dismissed.

Opinion adopted by the Supreme Court October 25, 1944.

Rehearing overruled November 22, 1944.