**SOUTH FALLS CORPORATION et al.,**
Relators,

v.

**Honorable F. B. DAVENPORT, Judge, 116th Judicial District Court, et al.,**
Respondents.

No. 16288.

Court of Civil Appeals of Texas.

Dallas.

June 14, 1963.

Marcus & Lewis, Dallas, for relators.

Lane, Savage, Counts & Winn, William V. Counts, Dallas, for respondents.

DIXON, Chief Justice.

Petitioners, South Falls Corporation, et al., have applied for a writ of prohibition to stay Honorable F. B. Davenport from requiring petitioners to answer oral interrogatories in accordance with an order of discovery issued pursuant to Rule 737, Texas Rules of Civil Procedure.

On April 3, 1963, Di-Deb of Texas, Inc. recovered a judgment in a Dallas District Court for $69,642.97 against South Falls Corporation. A writ of execution was issued in an effort to collect the judgment, but was returned by the Sheriff unsatisfied.

On April 25, 1963 plaintiff Di-Deb of Texas, Inc. filed a suit in the nature of a bill of discovery as provided by Rule 737, T.R.C.P. naming South Falls Corporation, its President, James Cash, and its Vice-President, Billy W. Morris, as defendants. Plaintiff alleges that the defendant corporation has sufficient assets subject to execution to pay all or a portion of the judgment against it, but that plaintiff has been unable to obtain sufficient information concerning such assets to effect collection of its judgment. Plaintiff further alleges that the corporation defendant is a closed corporation substantially owned in its entirety by James Cash and Billy W. Morris.

Thereafter defendants were ordered to appear on May 31, 1963 to show cause why discovery should not be granted as prayed for, and subpoenas duces tecum were issued to Billy W. Morris and James Cash to bring with them to the hearing certain named documents.

On May 31, 1963 the court entered its order for discovery, requiring defendants to appear at a designated place to answer oral interrogatories and to bring certain documents with them. Billy W. Morris appeared on the day named, but declined to answer the interrogatories. James Cash did not appear because of illness.

The court thereupon ordered Billy W. Morris to appear *in court* on June 6, 1963 to answer oral interrogatories bringing with him certain records. James Cash was ordered to appear on June 7, 1963 then and there to comply with the court's order. Defendants gave notice of appeal to this court.

On June 5, 1963 the defendants in the discovery suit, petitioners here, filed their application for a writ of prohibition to stay enforcement of the trial court's order of discovery.

█ There are two types of discovery. One is made in aid of a pending suit and is

sometimes referred to as a pure bill of discovery. Such an order is interlocutory in nature and is not appealable.

 The other type is in the aid of a final judgment. It is a separate suit and is often referred to as a suit in the nature of a bill of discovery. This type of order is itself a final judgment and is appealable. Dallas Joint Stock Land Bank of Dallas v. State ex rel. Cobb, 135 Tex. 25, 137 S.W.2d 993; Dallas Joint Stock Land Bank v. Rawlins, Tex.Civ.App., 129 S.W.2d 485; Indemnity Ins. Co. v. W. L. Macatee & Sons, 129 Tex. 166, 101 S.W.2d 553; Clark et al. v. Employers Casualty Co., Tex.Civ. App., 68 S.W.2d 226; Montague County v. White, Tex.Civ.App., 250 S.W. 736. We hold that South Falls Corporation, James Cash and Billy W. Morris, petitioners here, have a right of appeal from the judgment of discovery entered against them in the trial court.

However we have concluded that we should deny the writ of prohibition, since petitioners have an adequate remedy by the filing of a supersedeas bond. Boothe v. Nelson, Tex.Civ.App., 321 S.W.2d 321; Cashion v. Cashion, Tex.Civ.App., 239 S.W.2d 742.

In oral argument petitioners contended that under Rule 627 T.R.C.P. the judgment of discovery, being a final judgment, cannot be enforced before the expiration of twenty days from the date of the judgment; that therefore the action of the court is a premature effort to enforce its judgment; and that it would be a violation of their rights to require petitioners to file a supersedeas bond to stay proceedings before the expiration of the twenty days.

We see no merit in petitioners' contention. It has often been held that a writ of execution prematurely issued is not void, but is voidable only. It may not be collaterally attacked and must be respected until it is vacated in a direct proceeding in-

stituted in the court which ordered it to be issued. Interstate Life Ins. Co. v. Arrington, Tex.Civ.App., 307 S.W.2d 146; Morris v. Hastings, 70 Tex. 26, 7 S.W. 649; Boggess v. Howard, 40 Tex. 153; Sydnor v. Roberts, 13 Tex. 598, 600.

The temporary stay order heretofore granted is dissolved. The writ of prohibition is denied.