Roger BUTLER, Appellant,

v.

STONEWALL BANK, Appellee.

No. 1358.

Court of Civil Appeals of Texas, Corpus Christi.

June 26, 1978.

Hubert L. Stone, Jr., Victor H. Gillespie, Corpus Christi, for appellant.

Ronald W. Bradley, Wood, Burney, Nesbitt & Ryan, Corpus Christi, for appellee.

## OPINION

YOUNG, Justice.

This case presents the novel question of whether a responding party in a post-judgment proceeding under Rule 621a, T.R.C.P., "Discovery in Aid of Enforcement of Judgment" can seek relief on other causes of action not adjudicated in the original suit. We hold that he cannot.

The proceeding under Rule 621a was initiated by Stonewall Bank against Roger Butler in cause number 74–3887–F in the 214th District Court of Nueces County, Texas. A final judgment in that cause had previously been rendered on August 5, 1977, in which the Bank recovered on its claim against Butler, and a counterclaim by Butler was denied. This judgment was affirmed on certificate by this Court on November 10, 1977, in our cause number 1306.

In the Rule 621a proceedings, the Bank filed "Plaintiff's Discovery in Aid of Enforcement of Judgment" on November 14, 1977, in the court below, which pleading requested answers to an attached set of interrogatories. Butler timely filed answers to the interrogatories on December 1, 1977, and on the following day filed "Defendant's Further Reply to Plaintiff's Proceedings in Discovery Under Rule 621a and a Statement of a Cause of Action Against Charles Wooldridge, Dallas Harrison and Stonewall Bank." This appeal concerns the granting of the Bank's motion to quash or strike the "Further Reply".

In the "Further Reply", Butler sets out claims against the Bank and two persons who were not parties to the original suit. He asks for: (1) judgment of $20,000 against Wooldridge and Harrison; (2) abatement of any action by the Bank until the funds obtained by Wooldridge and Harrison have been restored to the Bank; and (3) any judgment lien be directed to be enforced against Wooldridge and Harrison prior to any action against Butler or four other persons who were not parties to the original suit. In response to this new cause of action, brought forward for the first time in the post-judgment discovery proceedings, the Bank filed a motion to quash, or in the alternative, to strike all or portions of Butler's "Further Reply". The Bank's motion also contained numerous special exceptions to the "Further Reply" and an allegation of want of jurisdiction of the new claims. The trial court granted the Bank's motion. From this ruling, Butler brings this appeal.

The Bank contends that the order granting its motion to quash or to strike is a denial of Butler's prayer to temporarily enjoin further discovery proceedings and therefore is interlocutory. It filed a motion to affirm on certificate under Rule 387, T.R.C.P., claiming the appeal was not timely because the record was filed more than twenty days after judgment. The time for filing the record in an appeal of an injunctive matter is twenty days. Rule 385, T.R.C.P. Butler responded that the order is not interlocutory, but is a dismissal of his cause of action. As noted above, Butler's prayer for relief in his "Further Reply" asks for judgment against Wooldridge and Harrison, for abatement of the discovery proceeding

while this new claim is adjudicated, and for a priority order concerning properties against which the Bank's judgment is to be satisfied.

■ In a ruling on April 28, 1978, we decided to carry the motion to affirm on certificate with this case. In Butler's brief he does not bring forward a point of error complaining about the failure to temporarily enjoin further discovery proceedings, and we conclude that he has not attempted to appeal from the denial of injunctive relief. Accordingly, the Bank's motion to affirm on certificate is denied.

Appellant urges three points of error which are grouped together for argument in his brief. The points allege it was error for the trial court: (1) to grant the motion to quash and dismiss for want of jurisdiction; (2) to disregard and not respond to appellant's exception to the court's order quashing and striking all of the pending action where such exception directed the court's attention to the severability of the then pending causes of action; and (3) to respond to the Bank's motion to quash when there were severable pending actions against one or more defendants. Butler contends that the trial court had jurisdiction of the new causes of action, and that because these claims were pending, the court's summary dismissal was erroneous and an abuse of discretion.

Butler recognizes that the judgment in cause no. 74–3887–F is final, but finds this no impediment to the initiating of a new claim in the same cause against new parties because, as stated in his brief, the proceeding in discovery was separate and apart from any of the litigable matters which were indeed res adjudicata. Apparently he views the proceeding under Rule 621a to have the characteristic of a separate suit similar to a bill of discovery under Rule 737, T.R.C.P.

■ A post-judgment discovery proceeding under Rule 621a is equivalent to a post-judgment bill of discovery under Rule 737, the only difference being whether the action is filed ancillary to the main suit or in an independent suit. *Emmons v. Creditor's Financial Services*, 492 S.W.2d 363 (Tex.Civ.App.—Waco 1973, no writ). The purpose of a post-judgment bill of discovery under Rule 737 or a post-judgment proceeding in aid of judgment under Rule 621a is the same. In either case, the successful party in the main suit may invoke the aid of the court in effecting discovery of the judgment debtor's assets in his effort to locate assets from which the judgment can be satisfied. Neither post-judgment discovery procedure can be used as a vehicle to re-open the main case or to independently join additional claims or parties.

■ A historical review of bills of discovery and their nature as separate equitable proceedings is well explained in *Equitable Trust Co. v. Jackson*, 129 Tex. 2, 101 S.W.2d 552 (Tex.Com.App.1937, opinion adopted). It is well settled that a ruling on a discovery motion filed in a bill of discovery brought *before or during* pending litigation is not appealable. *Crane v. Tunks*, 160 Tex. 182, 328 S.W.2d 434 (1959); *Equitable Trust Co. v. Jackson*, supra; *Dallas Joint Stock Land Bank v. Rawlins*, 129 S.W.2d 485 (Tex.Civ.App.—Dallas 1939, no writ); *Thompson v. Republic Small Business Invest. Co.*, 464 S.W.2d 726 (Tex.Civ.App.—Dallas 1971, no writ); *Morris v. Hoerster*, 368 S.W.2d 639 (Tex.Civ.App.—Austin 1963, writ ref'd n. r. e., cert. den. 376 U.S. 919, 84 S.Ct. 676, 11 L.Ed.2d 614 (1964). It is equally well settled that a ruling on such a discovery motion brought in a post-judgment bill of discovery is final and appealable. *Dallas Joint Stock Land Bank of Dallas v. State ex rel. Cobb*, 135 Tex. 25, 137 S.W.2d 993 (1940); *Thompson v. Republic Small Business Investment Co.*, supra; *South Falls Corporation v. Davenport*, 368 S.W.2d 695 (Tex.Civ.App.—Dallas 1963, no writ). The finality of a ruling on a discovery motion in a post-judgment bill of discovery under Rule 737 and an action for discovery in aid of enforcement of judgment under Rule 621a is the same.

■ The question in this case, however, does not involve a ruling granting or denying discovery. It is therefore necessary for

us to decide whether a ruling on a motion not involving discovery, but filed with a discovery proceeding, is final and appealable. The order granting the Bank's motion to quash or strike Butler's "Further Reply" finally disposed of Butler's newly asserted claims. There is nothing in the record to indicate any pending motions to compel discovery. In fact, the record reflects that Butler timely complied with the Bank's request to answer interrogatories. We conclude that the order which strikes the "Further Reply" is not interlocutory or preliminary to an anticipated final judgment, but is reviewable.

Butler claims that the Bank's motion to quash is, at most, a complaint of misjoinder, and his cause of action cannot be dismissed for misjoinder, citing *Cruz v. Guajardo*, 502 S.W.2d 610 (Tex.Civ.App.—Corpus Christi 1973, no writ). But improper joinder of parties in a pending suit is quite different from an attempt to join new parties in a suit in which judgment is already final.

Butler apparently desires to try a new and different lawsuit separate from the main action in which judgment is already final, but yet have the new suit considered as a part of or ancillary to a post-judgment discovery proceeding in the main suit. This he cannot do. While he may be free to file a separate suit in order to assert these claims, he cannot attempt to bring these claims to final judgment in cause number 74–3887–F. This would amount to a second final judgment within the same suit.

Because the trial court had no jurisdiction to re-open the main suit or to permit a post-judgment ancillary suit involving matters other than discovery to be filed, it was not error to grant the Bank's motion to quash or strike the "Further Reply." Butler's referral to his claim as "pending" in his points of error is incorrect. All of appellant's points are overruled.

The judgment of the trial court is affirmed.