Garry W. FENNO et al., Appellees,

v.

SAM REECE AIR CONDITIONING & HEATING, INC., et al., Appellees.

No. 1878.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Oct. 18, 1978.

Roland B. Darby, Houston, for appellants.

Jack Erwin, Jr., John S. Brunson, Brunson, Erwin & Byrom, Houston, for appellees.

CIRE, Justice.

Garry W. Fenno and Dermot J. Durcan appeal from an order granting a new trial. On February 10, 1978, the 127th District Court of Harris County rendered a default judgment in favor of Fenno and Durcan. On February 21, 1978, Sam Reece Air Conditioning & Heating, Inc., appellee here, moved for a new trial. February 20 was a holiday, and the motion, therefore, was timely filed. Rule 329b, Tex.R.Civ.P.; Art. 4591, Tex.Rev.Civ.Stat.Ann.; Rule 4, Tex.R.Civ.P. This motion was granted on March 31, 1978.

We do not have jurisdiction to entertain this appeal. This court has no jurisdiction to act on appeals from interlocutory orders except in three situations provided for by statute. These are pleas of privilege (art. 2008, Tex.Rev.Civ.Stat.Ann.), appointments of receivers or trustees or orders overruling motions to vacate such appointments (art. 2250, Tex.Rev.Civ.Stat.Ann.), and temporary injunctions (art. 2251, Tex. Rev.Civ.Stat.Ann.). An order granting a new trial is an interlocutory order, and absent statutory authority this court cannot act on such appeal. *Henderson v. Shell Oil Co.,* 143 Tex. 142, 182 S.W.2d 994 (1944).

When a court lacks jurisdiction in a matter, as this court does in the case of interlocutory orders, the only valid action it may take is dismissal. *Berger v. Berger,* 497 S.W.2d 453 (Tex.Civ.App.—El Paso 1973, no writ); *City of Beaumont v. West,* 484 S.W.2d 789 (Tex.Civ.App.—Beaumont 1972, writ ref'd n. r. e.).

Further, even if the order granting a new trial had been void, as appellant claims, our disposition of this case would be the same. Absent statutory authority we have no jurisdiction to hear appeals from void interlocutory orders for the purpose of declaring their invalidity. *Johnson Radiological Group v. Medina,* 566 S.W.2d 117 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ) (appeal from a void order reinstating a case after dismissal for want of prosecution).

Appeal dismissed.