**In the Interest of T. R. and T. R.**

No. 18235.

Court of Civil Appeals of Texas, Fort Worth.

April 3, 1980.

Charles F. Bartush, Jr., County Atty., Gainesville, for Texas Dept. of Human Resources.

Nancy Ondrovik, Gainesville, Atty. ad litem, for minors.

Henderson, Bryant, Wolfe, Vogelsang & Graber, and John B. Kyle, Sherman, for Eva Clifton, managing conservator.

Henry, Hatcher & Freeman, and Harold Freeman, Gainesville, for John and Margaret Howard, intervenors.

Jeff Davis, Fort Worth, for Jay and Debbie Richardson, intervenors on appeal only.

## OPINION

HUGHES, Justice.

The Cooke County Child Welfare Unit of the Texas Department of Human Resources (referred to as the state) has appealed an order naming a foster mother as the temporary managing conservator of two minor children who are wards of the court. The foster mother has moved to dismiss the appeal on the ground that the order is interlocutory and not appealable.

We dismiss this appeal for want of jurisdiction.

The state brought suit in August, 1978 to terminate the parent-child relationship between the natural parents and the children who are the subject of this appeal. The state prevailed and was named managing conservator, which the court indicated was to be for an initial period of six months. The termination decree and naming of the state as managing conservator are not the subject of the present appeal.

On March 9, 1979, the foster mother intervened in the suit, indicating she wanted to adopt the children and to be named their temporary managing conservator. The trial court gave the foster mother custody and named her temporary managing conservator. Five days later, the state sought to have the foster mother removed as temporary managing conservator.

Thereafter on March 16, 1979 in a "Decree of Termination and Agreed Order", the court allowed the foster mother's intervention, named the state temporary managing conservator subject to the further orders of the court, and gave the foster mother "care and custody" of the children pending a home study. It was further ordered that a hearing would be conducted one month later relating to the foster mother's proposed adoption once the home study had been completed.

Due to a delay in finishing the home study, the hearing was not held until May 25, 1979. As a result of that hearing, the trial court entered an order on June 1, 1979 which is the basis of this appeal. In such order, the state was removed and the foster mother again named as temporary managing conservator. The state perfected its appeal, after which the foster mother moved for dismissal on the ground the order is interlocutory and not appealable.

■ We are unable to reach the merits of the case because the order which the state appeals is a temporary order. The order named the foster mother as a temporary managing conservator of the children pending the completion of the adoption proceedings or some further action by the trial court. If for no other reason this made the order interlocutory and not appealable.

■ In the absence of statutory authorization for an appeal from an interlocutory order there is no right of appeal. *Henderson v. Shell Oil Co.*, 143 Tex. 142, 182 S.W.2d 994 (1944). Tex.Family Code Ann. § 11.19 (1975) provides for appeals from orders, decrees or judgments entered in

suits affecting the parent-child relationship as in civil suits generally where allowed under that section or other provision of law. There is nothing in that section or elsewhere which authorizes an appeal from an order naming a *temporary* managing conservator.

The order in the present case is called a "temporary order" and it does not dispose of all matters pending before the court in the custody proceeding. Furthermore, when the action of the court is considered in light of its judicial power, it appears that the only way the court could render a final order would be to enter one which would terminate its jurisdiction over the children. This could only be done through a judgment of adoption or through an order restoring the children to their natural parents. Neither of these actions occurred, and in fact, the court entered an order which contemplated the termination of its power sometime in the future by making a preliminary order relative to the adoption of the children.

Therefore, the order complained of was an interlocutory one, and it is not appealable since interlocutory orders cannot be appealed in the absence of statutory authority which was lacking in the present case. Since the order was not appealable, we are without jurisdiction to entertain the appeal.

The appeal is dismissed.