Fred PARKS, et al., Appellants,

v.

Roy M. HUFFINGTON, et al., Appellees.

No. B2531.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

April 1, 1981.
Rehearing Denied April 15, 1981
(Fred Parks).
Rehearing Denied May 6, 1981 Arctic
Investments, Ltd.

Sloan B. Blair, Cantey, Hanger, Gooch, Munn & Collins, Fort Worth, for Fred Parks, individually and as trustee.

J. Currie Bechtol, Mark K. Glasser, Foreman & Dyess, Houston, for Arctic Investments, Ltd.

Richard B. Miller, Baker & Botts, Houston, for Roy M. Huffington and Roy M. Huffington, Inc.

Before BERT H. TUNKS, Retired Chief Justice, by designation and PAUL PRESSLER and MURPHY, JJ.

MURPHY, Justice.

In 1966 Roy M. Huffington, Appellee herein, Haden J. Upchurch, Appellant, Paul J. Scott and R. E. Warren entered into a partnership agreement to engage in the petroleum production business. The partnership was known as Huffington and Associates. Huffington was the managing partner and owned 57.145% interest in it. Upchurch and the others each owned 14.285%.

In 1968 Huffington negotiated for and obtained an oil and gas concession from the Republic of Indonesia. In 1969 Upchurch sued Huffington in the District Court of Harris County, contending that he, Upchurch, as a member of the partnership, was the owner of 14.285% of the benefits of the Indonesian petroleum concession contracts. Upchurch, by amended pleading, also contended Scott and Warren had abandoned their respective 14.285% interests in the partnership and he was entrusted to his pro rata share of the abandoned interests.

The trial court rendered judgment imposing a constructive trust in favor of Upchurch on a 14.285% share in the interest created by the Indonesian concession. The judgment allowed Upchurch no recovery for his part of the claimed abandoned interests of Scott and Warren. Huffington appealed to the 14th Court of Civil Appeals. Upchurch presented a cross point contending the trial court erred in not awarding a recovery of his share of the abandoned interests of Scott and Warren. The Court of Civil Appeals sustained Upchurch's cross point and modified the trial court's judgment so as to include a judgment awarding to Upchurch an interest in his share of the alleged abandoned interest. As so modified the judgment of the trial court was affirmed. *Huffington v. Upchurch,* 523 S.W.2d 44 (Tex.Civ.App.—Houston [14th Dist.] 1975), *rev'd in part,* 532 S.W.2d 576 (Tex.1976). On appeal to the Supreme Court, that court modified the Court of Civil Appeals' judgment so as to eliminate the amount awarded to Upchurch of a share of the interests of Scott and Warren alleged to have been abandoned. Otherwise the judgment was affirmed. Upchurch's claim

as to the alleged abandoned interests of Scott and Warren was remanded to the trial court for a separate trial. *Huffington v. Upchurch,* 532 S.W.2d 576 (Tex.1976). The trial on remand resulted in a denial to Upchurch of any recovery based on his claim of abandonment by Scott and Warren.

The portion of the 1974 judgment of the trial court that was affirmed by the Supreme Court imposed in Upchurch's favor a constructive trust of the 14.285% interest in the benefits from the Indonesian concession and directed that an accounting be taken between Upchurch and Huffington for the period from January 1, 1968 to the date of the accounting. The accounting was received by Upchurch on July 15, 1974 and encompassed the period from January 1, 1968 to July 31, 1974. Upchurch's claim based on the alleged abandonment of Scott and Warren has been severed. The 1974 judgment is now final in the sense that it is no longer appealable. Upchurch subsequently assigned to Fred Parks, Trustee and Arctic Investments, Ltd., appellants herein, his interest in the judgment.

This is an appeal from the order by the trial court denying the appellants, Parks and Arctic, certain discovery which they sought in aid of their recovery of the 1974 judgment against Huffington. For a more factual background of this case see the two *Huffington* opinions hereinabove cited.

After Parks and Arctic became assignees of Upchurch's interest in the judgment they instituted two proceedings to help them in reaping the benefits of their judgment. They filed what was designated "Motion to Enforce Judgment." In this motion the appellants recited that no "full, adequate or complete accounting," as directed by the original judgment, had been made even though the appellees had been notified of appellants' assigned interest. The appellants further contended the appellees refused to allow them their full benefits as such co-assignees because the appellees made arrangements with a New York bank to receive and disburse the income of the venture and such disbursement order by the

appellees directed the bank to pay Upchurch the assigned interest, rather than the appellants as assignees. In the prayer to their motion the appellants asked for: (1) a complete accounting; (2) the appointment of an auditor, if deemed necessary; (3) an order directing the paying agent bank and the purchasers of oil to pay directly to appellants their share of the proceeds from the venture; (4) an order prohibiting the appellees from paying to Upchurch their share of the proceeds from the venture; (5) an order directing appellees to furnish appellants full information concerning income and expenses from the venture; and (6) an order directing appellees to provide appellants with the same tax information that it provides to other interest holders for the payment of Indonesian taxes.

With reference to appellants' "Motion to Enforce Judgment" the trial court rendered the following order:

> "It is the Court's opinion that discovery or relief sought (1) for an additional accounting and audit of the parties' account after June 31, 1974 (2) for directions to paying agents, purchasers or Roy M. Huffington, Inc. to pay proceeds in a manner different from whatever is provided in the original judgment of the parties dated April 4, 1974 (3) to establish a procedure for movants to pay their respective income taxes due Indonesia and (4) to provide all information needed or requested by Global to file reports and disclosures required by the Securities and Exchange Commission, should be the subject of a new and independent suit and is not in the nature of a motion to enforce the provisions of the judgment in question dated April 4, 1974, . . . . ."

The other procedure instituted by Parks and Arctic in order to gain the benefits of their assigned judgment was the filing of notices of intention to take the oral depositions of Roy M. Huffington, Inc., Roy M. Huffington and Harley Ballinger. (When Huffington procured the concession from Indonesia he placed it in the name of Roy

M. Huffington, Inc., a corporation wholly owned by him. It was adjudged that it nevertheless was a partnership asset. Harley Ballinger is an officer of Roy M. Huffington, Inc.) It was recited in all of these notices that the depositions were to be taken pursuant to Rule 621a of the Tex.R.Civ. P. In connection with the depositions the appellants requested the production of fifty-five categories of documents as to which questions were to be asked.

With reference to appellants' notice of these depositions the trial court rendered the following order:

> "On March 17, 1980, came on to be heard defendants' motion to quash the notice of intention to take oral deposition and direction to produce designated documents—Roy M. Huffington, Inc., and the notices of intention to take oral depositions of Harley Ballinger and Roy M. Huffington in the above case, and the Court having heard the arguments of the parties, entertained briefs on the matter, and being fully advised in the premises, has concluded and ordered as follows:
>
> IT IS ORDERED that defendants' motion to quash be sustained, but without prejudice for movants to subsequently file additional notices to take oral depositions and to produce documents which are relevant and material on whether the original accounting made by defendant Roy M. Huffington, Inc. dated July 15, 1974, and stating the account of the parties as of July 31, 1974, was an accurate and correct accounting as of that date and whether the judgment has been complied with in that respect as provided in paragraph 5 of the original judgment dated April 4, 1974."

It is readily apparent that the Appellant seek discovery under the simplified procedures of Rule 621a.[1] This rule provides:

At any time after rendition of judgment, and so long as said judgment has not been suspended by a supersedeas bond or by order of a proper court and has not

---

1. All Rule references in this Opinion are to Tex.R.Civ.P.

become dormant as provided by Article 3773, V.A.T.S., the successful party may, for the purpose of obtaining information to aid in the enforcement of such judgment, initiate and maintain in the trial court in the same suit in which said judgment was rendered any discovery proceeding authorized by these rules for pretrial matters, and the rules governing and related to such pretrial discovery proceedings shall apply in like manner to discovery proceedings after judgment. The rights herein granted to the successful party shall inure to a successor or assignee, in whole or in part, of the successful party. Judicial supervision of such discovery proceedings after judgment shall be the same as that provided by law or these rules for pretrial discovery proceedings insofar as applicable.

The Appellants have brought this appeal seeking review of the trial court's order in denying appellant certain discovery requests made pursuant to Rule 621a to enforce the 1974 judgment awarding the 14.285% interest to Upchurch. We hold this court has no jurisdiction to review the trial judge's decision.

 Orders relating to Rule 621a requests are of a peculiar nature as to what type of proceeding takes place, that is, interlocutory or ancillary. The proceeding if interlocutory would not be appealable unless specifically made so by statute. *Henderson et al. v. Shell Oil Co., et al.*, 143 Tex. 142, 182 S.W.2d 994 (1944); *Fenno et al. v. Sam Reece Air Conditioning and Heating, Inc., et al*, 572 S.W.2d 810 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ). Various articles in the Tex.Rev.Civ.Stat.Ann. establish what instances this court has jurisdiction to act on interlocutory orders:

(1) Pleas of privilege—art. 2008 (Vernon 1976);

(2) Appointment of receivers or trustees or overruling a motion to vacate on order appointing a receiver or trustee and certifying or refusing to certify a class in a class action suit—art. 2250 (Vernon Supp. 1980–1981);

(3) Temporary injunctions—art. 2251 (Vernon 1974).

Of course an interlocutory judgment may be attacked on appeal as a point of error when the entire suit is presented for appeal.

If the proceedings relating to Rule 621a requests are considered ancillary in nature we still find no authority granting this court jurisdiction to adjudicate this matter. As a general rule a judgment is not appealable unless it is a final judgment, specifically, one that disposes of all parties and all issues raised by the pleadings and evidence so as to finally resolve the dispute among the parties. *North East Independent School District v. Aldridge*, 400 S.W.2d 893 (Tex.1966).

Therefore, an ancillary proceeding and an order or judgment therefrom is not appealable unless such order or judgment is final. *Id.* In addition, we note, as is true with interlocutory judgments, an ancillary order may be appealed by way of a point of error when the entire suit out of which the ancillary proceeding arose is appealed and of course the orders may be appealed when specifically provided by statute. In the Tex.R.Civ.P., Rule 621a has been textually placed in the major subdivision Part VI entitled Rules Relating to Ancillary Proceedings. Though this is not conclusive of a determination that a Rule 621a proceeding is ancillary, we express the view that it was the Supreme Court's intent to distinguish this proceeding and place it in the category of Ancillary Proceedings when promulgating the Tex.R.Civ.P. We note other orders included in the same subdivision as Rule 621a are appealable but only after an independent suit is filed pursuant to those orders; to wit: (1) Writ of Attachment (Rules 592–609); (2) Distress Warrant (Rules 610–620); (3) Writ of Execution (Rules 621–656); (4) Writ of Garnishment (Rules 657–679); (5) Writ of Sequestration (Rules 696–716).

 Rule 621a provides no authority for granting an appeal. The rule provides that a successful party as an aid in the enforcement of a judgment may pursue any discovery proceeding authorized by Tex.R.

Civ.P. for pretrial matters. The rule further provides that all rules relating to said pretrial discovery techniques shall also apply to a proceeding brought under Rule 621a after the judgment has been rendered. After examining the various methods of pre-trial discovery provided for in the Tex. R.Civ.P. we find no rule, case or statutory authority granting the right to appeal the trial judge's decisions in orders relating solely to pre-trial discovery techniques, these being the same discovery tools contemplated by Rule 621a.

Our research reveals very few cases dealing with the appealability of orders made pursuant to Rule 621a. *Transceiver Corporation of America v. Ring Around Products, Inc.*, 581 S.W.2d 712 (Tex.Civ.App.—Dallas 1979, no writ) was a recent case which dealt with the issue before us. (*See also Butler v. Stonewall Bank*, 569 S.W.2d 542 (Tex.Civ. App.—Corpus Christi 1978, no writ). In the *Transceiver* case, Ring Around Products filed a notice under Rule 621a to take a deposition to discover assets of Transceiver to satisfy a judgment taken against Transceiver in 1971. A motion to quash the deposition was filed by Transceiver on the ground the 1971 judgment had been satisfied and paid in full and, "prayed affirmatively that the court permanently enjoin the appellee from attempting to collect on the judgment and for declaratory relief that the judgment had been paid." (*Id.* at 713). The court denied the motion to quash and ordered the deposition to be taken. Transceiver thereafter filed an appeal attacking the trial court's decision, however the clerk of the court of civil appeals refused to file the appeal resulting in a motion by Transceiver to compel the clerk to file the appeal. The court held "the trial judge's order was final and appealable because it disposed of all the issues between the parties before the court by implication." (*Id.* at 712). The court based this ruling on several factors: (1) the trial judge by overruling the motion to quash disposed of Transceiver's prayer for affirmative relief sought in the motion; (2) the denial disposed of the sole issue between the parties, that being whether the 1971 judgment had been paid; and (3) to hold the denial was not a final judgment would require Transceiver to file another suit seeking a judgment declaring the 1971 judgment satisfied and an injunction to prevent collection of that judgment, and this would likely subject Transceiver to the defensive plea of res judicata or estoppel by judgment therefore precluding from appellate review the correctness of the trial judge's determination that the 1971 judgment had not been satisfied.

The *Transceiver* case is readily distinguishable from the present case. Here, the Appellants sought discovery of certain financial records by way of depositions to be taken from top personnel of Huffington, Inc. and by a subpoena duces tecum. Appellees motion to quash this discovery was granted in part. The trial judge's order in granting the motion to quash in part did not deny any affirmative relief by either party nor did the ruling dispose of any issues between the parties.

Therefore, the order was not final but merely ancillary (or at best intrinsically interlocutory). Had the order resulted in a final judgment being rendered, then there would be a justiciable matter for this court to review. *Butler v. Stonewall Bank, Id.; Transceiver Corporation of America v. Ring Around Products, Id.* Here the appellants are not being denied the benefits of their judgment by the order granting the motion to quash but are merely being limited to the scope of the discovery sought under Rule 621a.

As a matter of practice, we note the appellants have other means at their disposal to discover the desired information, such as, a Bill of Discovery under Rule 737, a mandamus action or the procedure outlined in Rule 187 entitled Deposition to Perpetuate Testimony.

Accordingly, we hold this court has no jurisdiction to review the trial judge's order made pursuant to Rule 621a. Consequently, when this court (or any court) lacks jurisdiction to adjudicate a case, the only valid action we may take is dismissal. *Fenno, et al v. Sam Reece Air Conditioning and*

*Heating, Inc., et al.*, 572 S.W.2d 810 (Tex. Civ.App.—Houston [14th Dist.] 1978, no writ); *Berger v. Berger*, 497 S.W.2d 453 (Tex.Civ.App.—El Paso 1973, no writ); *City of Beaumont v. West*, 484 S.W.2d 789 (Tex. Civ.App.—Beaumont 1972, writ ref'd. n. r. e.). We therefore dismiss this appeal.

BERT H. TUNKS, Retired Chief Justice, by designation, dissenting.

I respectfully dissent from that holding of the majority of the panel which is to the effect that the order of the trial court here involved is interlocutory and, therefore not appealable. An interlocutory order is one made as ancillary to a pending case and which does not dispose of all of the issues of that case. When such an order is rendered, the case in aid of which it was made remains pending. The order is not separately appealable. Review of the order by appeal can be had only when the pending case becomes final and is appealed. The court's order can then be made the subject of a point of error in that appeal. *Dallas Joint Stock Land Bank of Dallas v. State*, 135 Tex. 25, 137 S.W.2d 993 (1940).

In this instance there was no pending case in the district court ancillary to which the court's order was made. The only issues pending before the court with reference to these parties and their controversy were those raised by the appellants' notice of depositions, appellees' motion to quash these depositions so noticed and by appellants' so called "Motion to Enforce Judgment". All of those issues were disposed of by the trial court's order here appealed.

Tex.R.Civ.P. 621a provides that a party to a judgment may, "for the purpose of obtaining information in aid of enforcing such judgment initiate and maintain any discovery proceeding authorized by these rules for pretrial matters, and the rules governing and related to pretrial discovery proceedings shall apply in like manner to discovery proceedings after judgment." The majority apparently would construe the underlined portion of the quoted language from Rule 621a as meaning that trial court orders as to discovery proceedings under that Rule are interlocutory and not separately appealable since pretrial discovery orders are non-appealable. I do not agree. It was the intention of the Supreme Court in using that language to make those post-judgment discovery orders enforceable as are pretrial discovery orders and to make them subject to protective orders such as provided by Rule 186b. If the underlined language means what the majority contends, it would make the court's order forever non-reviewable by appeal in this case, and in most other post-judgment discovery cases. That is true because in this case, as would be true in most post-judgment discovery proceedings, there is no pending case which may later become appealable so as to allow appellate review of the order in question. Such construction by the majority violates the principles of Rules construction as set forth in Tex.R.Civ.P. 1.

As I would hold the trial court's order here involved final and appealable, I would likewise affirm the trial court.

The trial court properly overruled the appellants' motion called by them "Motion to Enforce Judgment". That motion was not a motion to enforce the judgment, at all. There were only two decretal orders in the judgment one adjudicating to Upchurch ownership of an equitable interest in the benefits of the Indonesian oil concession, and one ordering an accounting. The first of these orders was self executing. The second one has been complied with. There is no order in the judgment which is yet to be enforced. The order here in question is therefore final and appealable. *Unnamed Members of the Class v. McMahon*, 582 S.W.2d 600 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ).

In fact, the appellants' motion did not seek orders relevant to the enforcement of the judgment. They were orders that would amend and add to the judgment. Such orders may not be had on a post-judgment motion made and presented long after the judgment had become final and non-appealable by the lapse of time. *Burrage v. Hunt Petroleum*, 114 S.W.2d 1228 (Tex.Civ. App.—Dallas 1938, error dism'd); *see But-*

ler v. Stonewall Bank, 569 S.W.2d 542 (Tex. Civ.App.—Corpus Christi 1978, no writ). The orders which appellants sought by their motion can be had, if at all, only by bill of review. Tex.R.Civ.P. 329b(5).

The trial court also acted well within its discretion in sustaining the appellees' motion to quash the depositions noticed by appellants. The appellants recited that the depositions were noticed pursuant to Rule 621a. The notices asked for the production by appellees of fifty-five different categories of records many of which related to activities of the partnership long after the date of the judgment sought to be enforced. They also gave notice that appellants intended to interrogate the witnesses as to activities of the venture at times subsequent to the judgment. Many of items of which production were requested obviously had no relevance to the enforcement of the judgment.

It is true that one of the complaints of appellants was that the accounting ordered and made in 1974 was not complete and accurate. Insofar as the documents requested and the lines of interrogations proposed were relevant to the question of whether the 1974 accounting was accurate and complete, they might be considered as relevant to the enforcement of that part of the judgment which ordered the accounting. The trial court recognized this and carefully worded his order so as not to suggest that he had prejudged against the appellants' right to procure such relevant discovery by further notices of proper depositions. His language, that the order quashing the depositions was "without prejudice" to the right of appellants to notice other proper and relevant depositions, did not prevent his order from being a final and appealable one. See Hearon, et al., Appellate Procedure in Texas, Chapter Three, § 3.4(3) (2d ed. 1979).