**CLEAR LAKE CITY WATER AUTHORITY, et al.,**
**Appellants,**

v.

**Dr. Eugene WINOGRAD,**
**Trustee, Appellee.**

**No. C14–83–813CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 27, 1984.

Charles W. Kelly, Houston, for appellants.

Jeffrey W. Hurt, Chris E. Ryman, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

## OPINION

ROBERTSON, Justice.

This is an attempted appeal from an award of sanctions to appellee Dr. Eugene Winograd (Winograd) after appellant Clear Lake City Water Authority (Water Authority) failed to comply with a court order requiring the Water Authority to properly answer an interrogatory. The dispositive issue in this case is whether pre-trial discovery sanctions are appealable. For reasons discussed below, we hold that this order for discovery and the sanctions based thereon are interlocutory in nature, and therefore not properly before this court.

This appeal originates in an action filed by Winograd in which he alleged that the Water Authority did not meet its commitment to provide water, sewer, and drainage service to a certain portion of a tract of Winograd's land. The trial court granted the Water Authority's motion for summary judgment in this cause, but this judgment was reversed on appeal. *Winograd v. Clear Lake City Water Authority*, 654 S.W.2d 862 (Tex.App.—Houston [14th

Dist.] 1983, writ ref'd. n.r.e.). During the pendency of this appeal, Winograd filed a Bill of Discovery in anticipation of acquiring the Water Authority's services on another tract of land. In it he requested that the Water Authority be required to produce documents, records, and books pertaining to their water services applications. Specifically, Winograd alleged that the Water Authority had evidenced a record of discriminatory practices toward him, and that a careful examination of the Water Authority's application procedures was necessary to escape repeated actions regarding this particular tract. The Water Authority answered this interrogatory but the trial court found their answer to be misleading and inadequate. The court therefore ordered sanctions in the amount of $7,500.00, which sanctions the Water Authority now appeals.

■ In five points of error, the Water Authority challenges the propriety of the sanctions, primarily in terms of whether the trial court abused its discretion in making the award. Winograd argues, and we agree, that there is a more basic problem with the appeal. A ruling on a discovery motion filed in a bill of discovery brought before us during pending litigation is not appealable. *Crane v. Tunks*, 160 Tex. 182, 328 S.W.2d 434, 438–39 (1959); *Butler v. Stonewall Bank*, 569 S.W.2d 542, 544 (Tex. Civ.App.—Corpus Christi 1978, no writ). It is therefore clear that the trial court's order to answer the interrogatory is not properly before us.

■ Similarly, the order of sanctions is not appealable. As a general rule, a judgment is not appealable unless it is a final judgment, namely one that determines the rights of the parties and disposes of all issues involved so that no further action by the court would be necessary to settle and determine the entire controversy. *North East Independent School District v. Aldridge*, 400 S.W.2d 893, 897–98 (Tex.1966); *Parks v. Huffington*, 616 S.W.2d 641, 644 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.). Interlocutory orders, those that are made during the pendency of the appeal and which do not resolve the entire controversy, are not appealable unless specifically made so by statute. *Parks v. Huffington*, 616 S.W.2d at 644; *City of Arlington v. Texas Electric Service Company*, 540 S.W.2d 580, 582 (Tex.Civ.App.—Fort Worth 1976, writ ref'd n.r.e.). Rather, such orders may only be attacked as a point of error when the entire suit is appealed. *Parks v. Huffington*, 616 S.W.2d at 644. The record before us indicates that this order is interlocutory in nature. First, Winograd requested this discovery in "contemplation" of further litigation against the Water Authority. Secondly, the order itself states that Winograd had thirty days within which to conduct further inquiries. These factors, along with the general character of the sanction order, namely as a pre-trial discovery ruling, lead us to the conclusion that the order is interlocutory and therefore not appealable.

■ The Water Authority argues that the Supreme Court's statement in a footnote in *Arndt v. Farris* compels a contrary disposition of their appeal. *Arndt v. Farris*, 633 S.W.2d 497 n. 5 (Tex.1982). In *Arndt* the court states that an order imposing monetary sanctions is final and appealable when the sanctions are reduced to judgment and execution is authorized thereon. While we acknowledge this authority, we note that *Arndt* involved *post-judgment* discovery. Discovery motions in post-judgment bills of discovery are final and appealable, as opposed to their pre-trial counterpart. *See Butler v. Stonewall Bank*, 569 S.W.2d at 544.

In summary, we hold that the award of sanctions based on Winograd's pre-trial bill of discovery is not appealable. Accordingly, the appeal is dismissed.