**INTERNATIONAL BANK OF COMMERCE, Appellant,**

v.

**Jesus Antonio CAQUIAS and Carmella Caquias, Appellees.**

**No. 13–92–661–CV.**

Court of Appeals of Texas, Corpus Christi.

Jan. 7, 1993.

---

Andy A. Tschoepe II, Akin, Gump, Hauer & Feld, San Antonio, Rene O. Oliveira, Black, Hamilton, Roerig & Yanez, Brownsville, for appellant.

William F. Cockrell, Jr., Robert W. Johnson, Jr., Corpus Christi, J.A. Magallanes, Brownsville, for appellees.

## OPINION

PER CURIAM.

Jesus and Carmella Caquias sued the International Bank of Commerce over problems with a loan agreement. On June 4, 1991, the Bank filed a "MOTION TO COMPEL ARBITRATION, MOTION TO STAY AND/OR PLEA IN ABATEMENT." This motion stated, in pertinent part, that "Defendants file[d] this Motion ... pursuant to 9 U.S.C. § 1, et seq. (the Federal Arbitration Act) and move this Court to compel arbitration of all claims asserted herein...." The motion also stated that "[t]he Promissory Note specifically provides that all disputes arising between the parties shall be resolved by arbitration through for

the American Arbitration Association." The motion further stated that "[t]he parties acknowledge that this note evidences a transaction involving interstate commerce in that loan funds provided under this note are derived from interstate financial markets. The Federal Arbitration Act shall govern the interpretation, enforcement, and proceedings pursuant to the arbitration clause in this note." [1]

On June 17, 1991, the trial court signed an *"ORDER GRANTING MOTION TO COMPEL ARBITRATION MOTION TO STAY AND/OR PLEA IN ABATEMENT."* The trial court ordered that:

A. Plaintiffs are compelled to submit all claims on file herein to arbitration in Arbitration No. 70–148–0032–91w, International Bank of Commerce—Brownsville v. Jesus Antonio Caquias and Carmella Caquias; and

B. This cause is stayed and abated pending the final order from such arbitration proceeding.

On October 8, 1992, the Caquiases filed a "MOTION FOR COURT TO RECONSIDER ITS INTERLOCUTORY JUNE 17, 1991 ORDER AND TO ORDER SEPARATE TRIAL ON DISPUTED ISSUES OF FACT WHICH THE COURT IS COMPELLED BY CONTROLLING LAW TO DECIDE." On November 5, 1992, the trial court signed an order which rescinded its June 17, 1991 order granting defendants' Motion to Compel Arbitration, Motion to Stay and/or Plea in Abatement; and the plaintiffs were directed to file a motion for hearing of trial setting.

On November 16, 1992, the Bank attempted to appeal this case by filing a cost bond. This Court received the transcript on December 3, 1992. On December 10, 1992, notice was given to the parties that it appeared that the order denying arbitration was not appealable. Appellant was given

---

1. Paragraph 11 of the motion stated:

The Federal Arbitration Act is controlling. The agreement evidences a transaction involving "commerce" within the meaning of the Federal Arbitration Act in that the funds loaned as part of the settlement were derived from interstate commerce and from international sources.

Further, Plaintiffs acknowledged in paragraph (i) of the arbitration agreement that the loan evidences a transaction involving interstate commerce and the Federal Arbitration Act was controlling and would govern the interpretation, enforcement and proceedings pursuant to the arbitration clause.

ten days to correct the defect, if it could be done. On December 11, 1992, appellees filed a motion to dismiss the appeal, and on December 22, 1992, appellant filed a response to this Court's notice and appellee's motion.

Appellate review of an order denying arbitration under the Federal Arbitration Act was discussed in *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266 (1992). In *Tipps*, Anglin contracted with the City of Jacksboro to build a dam. The contract contained this clause: "All questions subject to arbitration under the Contract may be submitted to arbitration at the choice of either party to the dispute." The dam leaked, and the City sued Anglin, alleging breach of contract and violations of the DTPA. Anglin filed an application to compel arbitration under the Federal Act, or, alternatively, under the Texas Arbitration Act. The Supreme Court stated:

> Under Texas procedure appeals may be had only from final orders or judgments. TEX.CIV.PRAC. & REM.CODE § 51.014. [footnote omitted] Interlocutory orders may be appealed only if permitted by statute. [footnote omitted] *Cherokee Water Co. v. Ross*, 698 S.W.2d 363, 365 (Tex.1985) (orig. proceeding); *Henderson v. Shell Oil*, 182 S.W.2d 994, 995 (Tex.1944). A final judgment is one which disposes of all legal issues between all parties. *Hinde v. Hinde*, 701 S.W.2d 637, 639 (Tex.1986). An order denying arbitration under the Federal Act meets neither the rule nor the statutory exceptions. Anglin and other similarly situated litigants who allege entitlement to arbitration under the Federal Act and in the alternative, under the Texas Act, are burdened with the need to pursue parallel proceedings—an interlocutory appeal of the trial court's denial under the Texas Act, and a writ of mandamus from the denial under the Federal Act.

*Tipps*, 842 S.W.2d at 271–73.

In this case, the Bank's motion alleged entitlement to arbitration only under the *Federal Act*. The trial court's order denying arbitration under the Federal Act meets neither the rule nor the statutory exceptions. To express its dissatisfaction with the trial court's ruling, the Bank's only remedy, if any, would be by mandamus. *See Tipps*, 842 S.W.2d at 271–73.

The Court, having fully considered appellees' motion to dismiss the appeal and appellant's response, is of the opinion that the attempted appeal must be dismissed for want of jurisdiction.

The appeal is hereby DISMISSED FOR WANT OF JURISDICTION.