**GENERAL BOX COMPANY (Formerly Toledo Industrial Products Company), Appellant,**

v.

**SOUTHWEST SUBSIDIARY COMPANY, Appellee.**

No. A2368.

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 16, 1980.

Mayo J. Thompson, Akin, Gump, Hauer & Feld, Houston, for appellant.

Bass C. Wallace, Andrews, Kurth, Campbell & Jones, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

MILLER, Justice.

Appellee Southwest Subsidiary Company has moved to dismiss this appeal for want of jurisdiction. The single question to be decided is whether an appeal lies from an order overruling a motion to dismiss a case under the doctrine of forum non conveniens. We hold that such an order is not appealable, and, therefore, grant the motion to dismiss.

The underlying dispute in this case involves a suit in the District Court of Harris County by appellee, alleging that appellant, General Box Company, had breached a contract under the terms of which appellant had acquired all of the wirebound box operations of Southwest Subsidiary Company. Southwest is a Delaware corporation with permission to do business in Texas; General is an Ohio corporation, also with permission to do business in Texas. The contract involved was signed in Chicago, Illinois, and, by its terms, is required to be interpreted under Illinois law.

General filed its motion to dismiss without prejudice on the grounds of forum non conveniens, which motion the trial court overruled. This appeal of that denial followed.

It is Texas law, long established, that only those interlocutory decrees that are specifically made so by statute are appealable, and these are pleas of privilege (art. 2008), appointments of receivers or trustees or orders overruling motions to vacate such appointments (art. 2250), and temporary injunctions (art. 2251). *Henderson v. Shell Oil Co.*, 143 Tex. 142, 182 S.W.2d 994 (1944).

Appellant argues that a plea of forum non conveniens is potentially determinative of venue as is a plea of privilege, and thus is covered by Tex.Rev.Civ.Stat.Ann. art. 2008 (Vernon 1964). We disagree.

There are apparently no Texas cases that have decided this question directly. However, in *Flaiz v. Moore*, 359 S.W.2d 872 (Tex.1962), the court held that the decision on a plea of forum non conveniens is within the sound discretion of the court. The court, by contrast, has no discretion in the disposition of a plea of privilege, such disposition being provided by statute. Another compelling difference between the plea of forum non conveniens and a plea of privilege is that granting of the former results in dismissal of the cause, while granting of the latter results only in transfer to another county.

Inasmuch as the decree appealed from is interlocutory in nature and appeal thereof is not provided by a specific statute, we lack jurisdiction and grant the motion to dismiss the appeal.

Appeal dismissed.