Martha Cecilia Garcia MARTINEZ, Individually and as Next Friend of Luis Camilo Gutierrez Garcia, a Minor, and on Behalf of the Estate of Luis Gutierrez Calderon, Deceased; Luz Mary Alvis Orjuela De Martinez, Individually and as Next Friend of Maria Paula Martinez Alvis and Juan Pablo Martinez Alvis, Minors and on Behalf of the Estate of Alberto Martinez Brinez, Deceased; Raul Eduardo Martinez Torres; Teresa Brines De Martinez; Marta Lucia Ochoa De Matallana, Individually and on Behalf of the Estate of Jose Augusto Matallana Rodriguez, Deceased; Maria Stella Matallana Ochoa; Maria Elena Matallana Ochoa; Elena Vda Matallana; Guillermina Vargas De Pineda, Individually and on Behalf of the Estate of Ana Marcela Pineda Vargas, Deceased; Rosa Lilia Torres De Ospina, Individually and on Behalf of the Estate of Ronald Ivan Ospina, Deceased; Carolina Galvez De Yepes, Individually and as Next Friend of Andres Felipe Galvez, a Minor Child and on Behalf of the Estate of Andres Felipe Yepes, Deceased;

Maria Evelyn Quintana De Yepes; Jorge Yepes; Luz Dary Perdomo; Jose Ochoa, Individually and on Behalf of the Estate of Jairo Farid Ochoa Ortiz; and Lilia Ortiz De Ochoa, Appellants,

v.

BELL HELICOPTER TEXTRON, INC., a Division of Textron, Inc., Appellee.

No. 2–00–381–CV.

Court of Appeals of Texas, Fort Worth.

June 21, 2001.

Rehearing Overruled July 19, 2001.

Law Offices of Windle Turley, P.C., Windle Turley, Jeffrey T. Embry, and Thomas B. Cowart, Dallas, for Appellant.

Smith & Moore, L.L.P., Charles H. Smith, John W. Moore, and John J. Reenan, Dallas, for Appellee.

Panel D: CAYCE, C.J.; DAY and LIVINGSTON, JJ.

## OPINION

PER CURIAM.

This lawsuit involves the wrongful death and survival actions brought by appellants resulting from a helicopter crash that occurred in Colombia. On October 4, 2000, the trial court ordered appellants' suit dismissed for forum non conveniens "pending the outcome of the resolution of this dispute in the Courts of the Republic of Colombia." In its order, the trial court specifically stated that it was maintaining "continuing jurisdiction over the parties so as to assist in the resolution of any discovery disputes that may arise between the parties and for which the Colombian Courts do not provide an adequate, convenient method of resolution." See TEX. CIV. PRAC. & REM.CODE ANN. § 71.051(c) (Vernon Supp.2001).

Appellants filed a notice of appeal in this court challenging the October 4, 2000 order. Appellee Bell Helicopter Textron, Inc. subsequently filed a motion to dismiss for want of jurisdiction, arguing that this court does not have jurisdiction over the October 4, 2000 order because it is not a final and appealable judgment or appealable interlocutory order.

Appellate courts can review only final and appealable judgments or interlocutory orders specifically made appealable by statute. *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 195 (Tex.2001); *Hinde v. Hinde,* 701 S.W.2d 637, 639 (Tex.1985); *N.E. ISD v. Aldridge,* 400 S.W.2d 893, 895 (Tex.1966).

The October 4, 2000 order is neither final for the purposes of appeal nor is it an appealable interlocutory order. It does not dispose of all parties and claims in the case, and there is no statute authorizing parties to appeal such orders.

Because the order is interlocutory and not a final judgment, we have no jurisdiction over this appeal. We, therefore, grant Bell Helicopter Textron, Inc.'s motion to dismiss and dismiss the appeal for want of jurisdiction.