Opinion issued August 31, 2005













In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-01336-CV
NO. 01-04-00266-CV
__________
 
ANN C. MORRILL, Appellant
 
V.
 
LAWRENCE J. CISEK JR., Appellee
 

 
 
On Appeal from the 400th District Court
Fort Bend County, Texas
Trial Court Cause No. 02-CV-127474
 

 
 
MEMORANDUM OPINION
          In an interlocutory appeal, appellant, Ann C. Morrill, challenges the trial
court’s denial of her special appearance in the underlying lawsuit for defamation
brought against her by her ex-husband, appellee, Lawrence J. Cisek Jr.


 In three
issues, Morrill, who is a resident of Maryland, contends that the trial court erred in
denying her special appearance, her motion to transfer venue, and her motion to
dismiss Cisek’s lawsuit on the grounds of forum non conveniens. 
          In a direct appeal, Morrill challenges the trial court’s default judgment rendered
against her after the trial court’s denial of her special appearance.


 In her sole issue,
Morrill contends


 that the trial court erred in “deciding that there was [p]ersonal
[j]urisdiction and [v]enue,” ordering a default judgment “when the Appellate Court
had not yet determined whether [Morrill’s] [a]ppeal of [s]pecial [a]ppearance should
be granted,” and entering a restraining order against her. 
          We affirm the trial court’s order denying Morrill’s special appearance, and we
reverse the trial court’s default judgment against her. 
Facts and Procedural Background
          In his original petition filed on December 13, 2002, and in his first amended
petition filed on February 7, 2003, Cisek sued Morrill for defamation, alleging that
Morrill had written several false and defamatory letters to Cisek’s employer, Baylor
College of Medicine (Baylor), and to certain public officials concerning the parties’
ongoing dispute over Cisek’s child support obligations.


 In his petitions, Cisek
sought recovery of monetary damages, as well as a permanent injunction prohibiting
Morrill from contacting any employee or agent of Baylor, other than Cisek himself.
          Morrill answered the lawsuit and filed a motion challenging the exercise of
personal jurisdiction


 over her or, alternatively, seeking to transfer the suit to
Maryland or to dismiss the suit on forum non conveniens grounds. During a March
31, 2003 hearing, the trial court denied Morrill’s special appearance. Morrill asserts
that the trial court also denied her motion to transfer venue and motion to dismiss on
forum non conveniens grounds at the hearing.


 However, the trial court did not sign
a written order at that time. Morrill then filed an interlocutory appeal from those
rulings, but the Corpus Christi Court of Appeals dismissed her appeal for lack of
jurisdiction on September 25, 2003.



          While Morrill’s interlocutory appeal was pending, in June 2003, the trial court
ordered her to answer Cisek’s discovery requests. Morrill failed to comply with the
trial court’s order, and, on July 8, 2003, the trial court struck her answer to the
lawsuit. On September 29, 2003, Cisek filed a motion for entry of judgment, and, on
November 24, 2003, a hearing was held regarding such motion. On December 3,
2003, the trial court signed a written order denying Morrill’s special appearance, and,
in response, on December 12, 2003, Morrill filed her interlocutory appeal challenging 
the trial court’s denial of her special appearance. 
          Thereafter, on February 4, 2004, the trial court granted a default judgment in
favor of Cisek, ordered that Morrill be “permanently enjoined from contacting any
officer, agent or employee of [Baylor]” or of any other employer of Cisek, and
granted Cisek costs of court in the amount of $1,189.96. Subsequently, on February
25, 2004, Morrill filed a separate, direct appeal challenging the trial court’s rendition
of the default judgment in favor of Cisek.


 
Interlocutory Appeal
Personal Jurisdiction
          In her first issue, Morrill argues that the trial court erred in denying her special
appearance because she had “less than minimal contacts with Texas” and because the
contacts that she had with Texas were “solely in comity to enforce Maryland court
ordered child support and contractual issues.”
          The burden of proof is on a nonresident to negate all possible grounds for
personal jurisdiction. Kawasaki Steel Corp. v. Middleton, 699 S.W.2d 199, 203 (Tex.
1985). The existence of personal jurisdiction is a question of law, which must
sometimes be preceded by the resolution of underlying factual disputes. Preussag
Aktiengesellschaft v. Coleman, 16 S.W.3d 110, 113 (Tex. App.— Houston [1st Dist.]
2000, pet. dism’d w.o.j.).           A court may assert personal jurisdiction over a nonresident defendant only if the
requirements of both the Fourteenth Amendment’s due process clause and the Texas
long-arm statute are satisfied. See U.S. Const. amend. XIV, § 1; Tex. Civ. Prac. &
Rem. Code Ann. § 17.042 (Vernon 1997); CSR Ltd. v. Link, 925 S.W.2d 591, 594
(Tex. 1996) (orig. proceeding). The Texas long-arm statute allows a court to exercise
personal jurisdiction over a nonresident defendant who does business in Texas. Tex.
Civ. Prac. & Rem. Code Ann. § 17.042. A nonresident “does business” in Texas if
she, among other things, “commits a tort in whole or in part” in Texas. Id. The Texas
Supreme Court has repeatedly interpreted this broad statutory language “to reach as
far as the federal constitutional requirements of due process will allow.” CSR Ltd.,
925 S.W.2d at 594 (citations omitted). Therefore, the requirements of the Texas long-arm statute are satisfied if the exercise of personal jurisdiction comports with federal
due process limitations. Id.
          The United States Constitution permits a state to assert personal jurisdiction
over a nonresident defendant only if the defendant has some minimum, purposeful
contacts with the state and if the exercise of jurisdiction will not offend traditional
notions of fair play and substantial justice. Dawson-Austin v. Austin, 968 S.W.2d 319,
326 (Tex. 1998). A nonresident who has purposefully availed herself of the privileges
and benefits of conducting business in the foreign jurisdiction has sufficient contacts
with the forum to confer personal jurisdiction. CSR Ltd., 925 S.W.2d at 594.
          A defendant’s contacts with a forum can give rise to either general or specific
jurisdiction. Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.,
815 S.W.2d 223, 227 (Tex. 1991). Here, Cisek alleged specific jurisdiction, which 
is established if a defendant’s alleged liability arises from or is related to an activity
conducted within the forum. See id. When specific jurisdiction is asserted, the
minimum contacts analysis focuses on the relationship between the defendant, the
forum, and the litigation. Id. at 228. The exercise of personal jurisdiction is proper
when the contacts proximately result from actions of the nonresident defendant that
create a substantial connection with the forum state. Id. at 226. The substantial
connection between the nonresident defendant and the forum state necessary for a
finding of minimum contacts must come about by action or by conduct of the
nonresident purposefully directed toward the forum state. Id. 
          Foreseeability is an important consideration in deciding whether the nonresident
has purposefully established minimum contacts with the forum state. Id. at 227. The
concept of foreseeability is implicit in the requirement that there be a substantial
connection between the nonresident defendant and Texas arising from actions or
conduct of the nonresident defendant purposefully directed toward Texas. Id. 
          When reviewing a trial court’s ruling on a special appearance, we do not reach
the merits of the underlying case. Wright v. Sage Eng’g, Inc., 137 S.W.3d 238, 251
n.10 (Tex. App—Houston [1st Dist.] 2004, pet. denied). Rather, the purpose of a
special appearance is to determine whether the actions alleged by the plaintiff are of
a type that suggest a defendant should expect to be subject to jurisdiction in Texas. 
Id. Accordingly, if the plaintiff alleges an action in tort that arose out of an act
committed in Texas, the necessary proof is only that the purposeful act was committed
in Texas. Id.; Arterbury v. Am. Bank & Trust Co., 553 S.W.2d 943, 949 (Tex. Civ.
App.—Texarkana 1977, no writ); see Tex. Civ. Prac. & Rem. Code Ann.
§ 17.042(2).
          In the instant case, it is undisputed that Morrill is a resident of Maryland. While
she has acknowledged that her correspondence directed to Cisek’s employers and to
others concerning his alleged child-support arrearages constituted “contacts” with
Texas, Morrill asserts that her “minimal contacts with Texas were [undertaken] to
enforce Maryland court ordered child support and contractual obligations in comity
only.” Whether minimal or not, the substance of these contacts formed the basis for
Cisek’s defamation claim. Thus, there is a direct relationship between Morrill, her
purposeful contacts with Cisek’s employer and others located in Texas, and Cisek’s
defamation claim. Accordingly, we hold that Morrill has established sufficient
minimum contacts with Texas to subject her to personal jurisdiction. 
          However, the exercise of personal jurisdiction over a nonresident defendant
must also comport with traditional notions of “fair play and substantial justice.” 
Guardian Royal, 815 S.W.2d at 228. In considering these notions, a court generally
must look to the following factors: (1) the burden on the defendant; (2) the interests
of the forum state in adjudicating the dispute; (3) the plaintiff’s interest in obtaining
convenient and effective relief; (4) the interstate judicial system’s interest in obtaining
the most efficient resolution of controversies; and (5) the shared interest of the several
states in furthering substantive social policies. Id. at 228, 231. Only in rare cases will
the exercise of jurisdiction not comport with fair play and substantial justice when a
nonresident defendant has purposefully established minimum contacts with the forum
state. Id. at 231.
          Here, Morrill asserts that the burden of litigating Cisek’s defamation claim in
Texas would be severe because of the financial hardship it would impose on her. 
Undoubtedly, litigation away from home creates hardship for a defendant; however,
there is no legal requirement that this hardship must be borne instead by the plaintiff
whenever the defendant is not found in the state of the plaintiff’s residence. Wright,
137 S.W.3d at 253–54. While the burden on the nonresident defendant is a
consideration in our due process analysis, it is not determinative. See Guardian Royal,
815 S.W.2d at 231 (providing that where defendant, who seeks to defeat jurisdiction,
has purposefully directed his activities at forum residents, he must “present a
compelling case that the presence of some other considerations would render
jurisdiction unreasonable”); Wright, 137 S.W.3d at 254. This is particularly true
when, as in this case, Texas has a strong interest both in providing a forum for its
residents and in holding parties who committed tortious acts against its residents
accountable. See Guardian Royal, 815 S.W.2d at 232 (recognizing that interests of
forum state and plaintiff frequently will justify severe burden placed upon nonresident
defendant); Wright, 137 S.W.3d at 254. Thus, we hold that the exercise of personal
jurisdiction over Morrill in this case comports with traditional notions of fair play and
substantial justice. 
          Accordingly, because the record indicates that Morrill’s contacts with Texas
were sufficient to create specific jurisdiction over her and because the exercise of
personal jurisdiction over Morrill comports with traditional notions of fair play and
substantial justice, we further hold that the trial court did not err in denying Morrill’s
special appearance.
          We overrule Morrill’s first issue.
Venue and Forum Non Conveniens
          In her second and third issues, Morrill contends that the trial court erred in
denying her motion to transfer the lawsuit to Maryland and in denying her motion to
dismiss the lawsuit on forum non conveniens grounds. However, there is no
interlocutory appeal from most trial court rulings on venue motions. Tex. Civ. Prac.
& Rem. Code Ann. § 15.064(a) (Vernon 2002); Tex. R. Civ. P. 87(6); see Tex. Civ.
Prac. & Rem. Code Ann. § 15.003(b) (Vernon Supp. 2004-2005). Additionally,
there is no authority that permits an interlocutory review of the denial of a motion to
dismiss for forum non conveniens. Martinez v. Bell Helicopter Textron, Inc., 49
S.W.3d 890, 891 (Tex. App.—Fort Worth 2001, pet. denied); Gen. Box Co. v.
Southwest Subsidiary Co., 598 S.W.2d 662, 663 (Tex. Civ. App.—Houston [14th
Dist.] 1980, no writ). Section 51.014 of the Civil Practice and Remedies Code does
not permit appeal from an interlocutory order denying such a motion, and section
71.051, which governs forum non conveniens in actions for personal injury or
wrongful death, does not provide for interlocutory appeal from the trial court’s refusal
to dismiss. Tex. Civ. Prac. & Rem. Code Ann. §§ 51.014, 71.051 (Vernon Supp.
2004-2005). Therefore, we hold that this court has no jurisdiction to consider
Morrill’s second and third issues. 
          Furthermore, even if this court had jurisdiction to review Morrill’s second and
third issues, there is no evidence in the record that Morrill received rulings on either
motion. To appeal a trial court’s refusal to transfer venue, a movant must obtain a
clear ruling from the trial court, before trial, or she waives the issue on appeal. Cliff
Jones, Inc. v. Ledbetter, 896 S.W.2d 417, 418–19 (Tex. App.—Houston [1st Dist.]
1995, no writ); see Tex. R. App. P. 33.1. In order to preserve error on appeal, the
record must show that the trial court ruled on Morrill’s forum non conveniens motion. 
See Tex. R. App. P. 33.1. Here, the trial court’s written December 3, 2003 order
expressly denies only her special appearance; the written order does not provide
rulings on Morrill’s motion to transfer venue and motion to dismiss on forum non
conveniens grounds. Although Morrill asserts that the trial court denied her motions
at the hearing held on March 31, 2003, the transcript from the hearing is not in the
record. Thus, even if we had jurisdiction, Morrill has not preserved either issue for
our review. See id.
          We overrule Morrill’s second and third issues.
Appeal from Default Judgment
          In regard to her challenge to the trial court’s rendition of default judgment
against her, Morrill argues that the trial court erred in ordering a default judgment
“when the Appellate Court had not yet determined whether [Morrill’s] [a]ppeal of
[s]pecial [a]ppearance should be granted” and in entering a restraining order against
her.
          Generally, an interlocutory appeal of the denial of a special appearance is
statutorily authorized and “stays the commencement of a trial in the trial court pending
resolution of the appeal.” Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(7),
(b) (Vernon Supp. 2004-2005). However, the interlocutory appeal does not
necessarily stay the commencement of the trial during the appeal. Id. § 51.014(b)–(c)
(Vernon Supp. 2004-2005). If a defendant who is appealing the denial of a special
appearance meets the deadlines set forth in section 51.014(c), the defendant is entitled
to an automatic stay of the commencement of a trial. See id. § 51.014(c). To be
entitled to the automatic stay for an interlocutory appeal of the denial of a special
appearance, the defendant must file the special appearance and request a submission
or hearing on it by the later of the following: (1) the date set by the trial court in a
scheduling order, or (2) the 180th day after the date the defendant filed (a) her original
answer; (b) her first other responsive pleading to the plaintiff’s petition; or (c) her
responsive pleading to the plaintiff’s amended petition that alleges a new cause of
action against the defendant, who is then able to raise a defense concerning the lack
of personal jurisdiction. Id. 
          Cisek does not contend, and the record does not reveal, that the trial court, in
a scheduling order, set a date for filing, submitting, or hearing Morrill’s special
appearance. However, the record shows that Cisek filed his original petition on
December 13, 2002, and his amended petition on February 7, 2003, and that Morrill
filed her “motions” challenging the trial court’s exercise of personal jurisdiction over
her on January 15, 2003 and on January 31, 2003.


 Furthermore, the trial court’s
December 3, 2003 order denying Morrill’s special appearance expressly noted that the
special appearance was heard on March 31, 2003. Therefore, pursuant to section
51.014(c) of the Civil Practices and Remedies Code, Morrill was entitled to the
automatic stay in order to pursue her interlocutory appeal after the trial court denied
her special appearance. See id. Accordingly, we hold that the trial court erred in
rendering a default judgment in favor of Cisek while her interlocutory appeal was
pending in this Court. 
          We sustain Morrill’s sole issue regarding her challenge to the default judgment
rendered against her. 
 
 
 
 
 
                                                         Conclusion
          In appellate cause number 01-03-01336-CV, we affirm the order of the trial
court denying Morrill’s special appearance. In appellate cause number 01-04-00266-CV, we reverse the trial court’s default judgment and remand this cause to the trial
court for further proceedings in accordance with this opinion. We deny all
outstanding motions. 
 
 
 
 
                                                                        Terry Jennings
                                                                        Justice
 
Panel consists of Justices Nuchia, Jennings, and Alcala.